## UNITED STATES v. BAXTER.
### No. 6859.

Circuit Court of Appeals, Ninth Circuit.
Dec. 14, 1932.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

### In re CROSS.
### Patent Appeal No. 3014.

Court of Customs and Patent Appeals.
Dec. 19, 1932.

Gifford, Scull & Burgess, of New York City (Charles S. Grindle, of Washington, D. C., and George F. Scull and William F. Wilder, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

### BLAND, Associate Judge.

From a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, who refused to allow claims 11 and 12 of appellant's application, appellant has appealed to this court.

There were but two claims in the application, and claim 12 is illustrative and follows:

"12. A steam generating system having in combination a furnace, a heating coil located therein, means for forcing water through said coil at a pressure sufficient to prevent vaporization in said coil, a separating chamber, means for delivering water from said coil into said chamber so as to vaporize a part only of said water, a feed water heater including a heating coil, and means for removing the unvaporized water collected in said chamber and forcing it through said feed water heating coil."

The references relied upon are: German patent 285,461; Nelson, 440,410.

Appellant's application relates to a steam boiler of the flash type. The water is taken from the feed heater and forced by means of a pump through a heating coil located in the furnace. The water is heated to a high temperature at high pressure; the pressure being such that very little evaporation occurs

within the coil. The highly heated water then passes through a reduction valve into a large boiler or drum where most of the water flashes into steam. After the steam is taken off, the residue left in the drum is drawn off and passes through a coil where it imparts heat to the incoming feed water. The cooled residue is then discharged as waste.

The German patent operates in the same manner as appellant's structure, except that in the German patent the unevaporated water in the drum is recirculated through the heating coil, while in appellant's device it is discarded as unfit for use.

In Nelson the waste liquids or condensed steam are collected in pipes, and used to heat the water as it feeds into the boiler.

In affirming the decision of the Examiner, the Board said:

"This claim is regarded as devoid of patentability in view of the same references as cited against claim 11, the patent to Nelson clearly disclosing a feed water heater including a heating coil and means for removing the unvaporized water collected in the system and forcing it through said feed water heating coil. We are of the opinion that no invention was involved in utilizing the heat of the unvaporized water in the separating tank Sp of the German patent by heating fresh feed water in the manner disclosed by Nelson instead of returning said water to the lower end of the steam generating coils.

"The decision of the examiner is affirmed." Appellant's main contention in his brief is indicated by the following quotation therefrom: "The principal reference relied upon by the Patent Office is the German patent 285,461, and here we call attention to the well-settled rule that *a foreign patent must clearly disclose the claimed subject matter before it will be held to be an anticipation.*" (Italics quoted.)

We know of no rule relating to foreign patents when used as references which requires that every element and feature of the claims in the patent application shall be clearly shown in such foreign patent. The rule to which appellant obviously refers and which has been frequently laid down by this and other courts is to the effect that a foreign patent may be a valid reference only for all that it clearly discloses. In re Dann, 47 F. (2d) 356, 18 C. C. P. A. 1031. In the Dann Case, where the feature relied upon in the foreign patent was only indefinitely shown in the drawings and not referred to in the specifications, it was held that the feature was not clearly disclosed in the foreign patent, and the patent was not, therefore, a proper reference.

If, however, the foreign patent does clearly disclose a certain feature of the claimed invention, it may be used in connection with other references to negative patentability of the claims. In re Holst, 44 F.(2d) 873, 18 C. C. P. A. 748. This is the situation, as we see it, which confronts us here. There is no question in the case at bar but that the foreign reference does clearly disclose the particular feature in applicant's claimed invention to which the board referred.

We agree with the conclusion of the Board and the reasons therefor, and its decision is affirmed.

Affirmed.