## 134

**FREYN ENGINEERING CO. v. COE,**
Com'r of Patents.
No. 6335.

United States Court of Appeals for the
District of Columbia.

Argued March 4, 1935.

Decided June 10, 1935.

E. W. Shepard, of Washington, D. C., and Ralph Munden, of Chicago, Ill., for appellant.

T. A. Hostetler, Sol., United States Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill on the ground that the 3 claims presented under section 4915, Rev. St., as amended (35 U. S. C. § 63 [35 USCA § 63]), are unpatentable.

We reproduce claim 1 as illustrative: "The method of operating a stationary fire tube boiler whose tubes are less than 3 inches in diameter and more than 1¾ inches in diameter and the length of which tubes bears a ratio to internal diameter in excess of 75 to 1, which consists in flowing waste heat gases through said tubes at a velocity such that the ratio of the mean velocity per second of said gases to the internal diameter of said tubes is greater than 300 to 1, whereby said velocity will develop whirls of said hot gases to effect good contact of the various component parts of said gases with the inner walls of said tubes, and holding said velocity below a figure at which the heat input into the motive means for setting up said velocity increases faster than does the heat recovered by said tubes."

It is appellant's contention that it has evolved a method of recovering the waste heat from gases discharged from industrial furnaces by using tubes "ranging from 1¾ inches to 3 inches internal diameter," proportioning their length in a given ratio to their diameters, passing the gases therethrough at a given speed, dependent upon the given ratio of speed of the flow of the gases to the given internal diameters of the tubes, and holding the speed below a point where the power used for the fan increases faster than the heat recovered.

The tribunals of the Patent Office ruled that the British patent to Kirke, No. 140,-851, of 1920, related to the same problem; that is, a method to recover the waste heat in gases discharged by open hearth or other industrial furnaces; and also ruled that the method of the application differs only in degree from the teachings of that patent.

On the other hand, appellant contends that the Kirke patent is vague and indefinite and, hence, not a disclosure of the method of the application; that no particular diameters of the tubes are disclosed in that patent, whereas claim 1 of the application, for instance, contains the limitation that the tubes must be less than 3 inches and more than 1¾ inches in diameter.

It is agreed that commercial tubes range between 1¾ inches and 3 inches in diameter. It may be assumed, therefore, that the Kirke patent contemplates the use of commercial or standard tubes; that is, tubes of a diameter less than 3 inches but more than 1¾ inches. The patent discloses the importance of using tubes of a length from 50 to 125 times their internal diameter, and that it is desirable to pass the gases through the tubes at high velocity. The Board of Appeals ruled that while the definite velocities mentioned by Kirke are not as high as those stated in applicant's claims, "it is well known as disclosed in the Bureau of

Mines bulletin [Bureau of Mines Bulletin #18, 'Transmission of Heat into Steam Boilers'] that the efficiency of heat transfer is increased by using a velocity sufficiently high to cause eddying of the gases." The Board concluded: "It is believed that the selection of the particular velocities specified in the claims amounts to no more than a change in degree over Kirke and is without patentable significance." With this reasoning and conclusion we agree. De Forest Radio Co. v. General Electric Co., 283 U. S. 664, 51 S. Ct. 563, 75 L. Ed. 1339.

It is in evidence that appellant's method has achieved commercial success, which, however, although an element to be considered on the question of novelty, is not controlling. McClain v. Ortmayer, 141 U. S. 419, 425, 12 S. Ct. 76, 35 L. Ed. 800; Grant v. Walker, 148 U. S. 547, 556, 13 S. Ct. 699, 37 L. Ed. 552; Ide v. Ball Engine Co., 149 U. S. 550, 13 S. Ct. 941, 37 L. Ed. 843; Titeflex Metal Hose Co. v. Robertson, 61 App. D. C. 40, 57 F.(2d) 406. Where a doubt exists as to the question of novelty, commercial success may justify the court in resolving the doubt in favor of the applicant. Paramount Publix Corporation v. American Tri-Ergon Corporation, 294 U. S. 464, 55 S. Ct. 449, 79 L. Ed. 997, decided March 4, 1935. But where, as here, the lack of novelty plainly appears, commercial success is without significance.

The decree must be affirmed.

Affirmed.