## BURGESS BATTERY CO. v. UNITED STATES.

### No. 44695.

Court of Claims.

June 5, 1944.

614

Daniel V. Mahoney, of New York City (Pennie, Davis, Marvin & Edmonds, of New York City, on the brief), for plaintiff.

T. H. Brown, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen. (C. P. Goepel, of New York City, on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff, the assignee of the Norris patent, 1,726,500, sues to recover damages for its alleged infringement. The defendant defends upon the ground, among others, that the alleged invention was anticipated by prior art and knowledge, and, therefore, was lacking in patentable novelty.

The patent is on sound-deadening construction. It consists, briefly, of a sound-absorbing backing, such as felt or wool, covered and held in place by a thin membrane of sheet steel, tin, veneered wood, or similar sound-reflecting material, punctured at intervals to permit the passage of the sound waves through the membrane into the sound-absorbing backing.

Most of the claims in suit are indefinite as to the size and spacing of the holes in the membrane. For instance, claim 1 says that "the ratio of the unperforated area of said sheet to the openings therein being such as to expose an apparently substantially continuous surface to the sound waves." Claims 5 and 23 are substantially to the same effect. Claim 2 says only that the dimensions of the holes should be less than the distance between the edges thereof. Claim 3 says the holes should be small enough to conceal the sound-absorbing material. Claim 6 says the size of the holes should be greater than the thickness of the membrane. Claim 7 is a combination of claims 6 and 2. Claim 9 is also a combination of claims 6 and 2, but adds the statement that the membrane is supported at its margins. Claim 12 specifies the size of the holes at from 0.004 square inch to 0.0123 square inch. Claim 13 says the holes should have a minimum dimension less than 0.125 inch and should be at least 0.177 inch apart.

Claim 11 says that the total area of the holes should be less than the unperforated part of the membrane. Claim 14 says the holes should cover from 0.4 percent to 35 percent of the area of the membrane. Claim 4 says the holes should cover not more than 16 percent of the area. Claim 8 says the spacing of the holes should bear "such relation to the length of the sound waves passing therethrough as to provide a combined sound-absorbing efficiency as great as that of said high capacity sound-absorbing material."

It will be noted that the size of the holes and the spacing between them varies greatly, the total area to be perforated varying from 0.4 of 1 percent to 49 percent. The only guide found in the claims to determine the size and number of the holes is that they should be of a size greater than the thickness of the membrane, that the space between them should be greater than their size and that the number of them should bear that relation to the sound waves passing through them which gives as great an efficiency to the backing when covered by the perforated membrane as it had without it. The size of the holes and the space between them that would give equal efficiency is not stated in the claims; but in the specifications it was said "that the spacing of the holes should be determined by the pitch of the sound which is absorbed. The lower the pitch of the sound, that is, the smaller the number of double vibrations per second and the longer the wave length, the greater may be the distance between the holes to secure the same absorption."

We have, then, a patent consisting of a sound-absorbing backing covered with a thin sound-reflecting material of wood or metal to conceal the backing and to hold it in place, with holes in it of a size and spaced apart at a distance dependent on the pitch of the sound to be absorbed. The graph in the specifications shows that maximum absorption of sound waves of 512 double vibrations per second is obtained with holes every square inch. When the pitch of the sound is doubled there may be two holes per square inch, and when doubled again, four holes per square inch, etc.

The defendant says all this was anticipated by the prior art and knowledge. It points first to the Dillon patent No. 1,385,741. The principle of this patent and the one in suit is the same, except (1) the covering of the backing in the Dillon patent is a woven textile membrane, whereas in the Norris patent wood or metal is used; and (2) Dillon does not say he spaces his perforations according to the pitch of the sound to be absorbed.

The Mazer, Trader and Delaney patents all use a sound-absorbing backing, but they differ from the Norris patent in that the facing is thick and itself is designed to absorb some of the sound. This is accomplished by long apertures through the facing, the theory being that the sound waves bounce back and forth down the sides of the aperture, which is said to have the effect of deadening the sound. This is not a feature of the Norris patent.

■ As stated, one difference between the patent in suit and the Dillon patent was the use by the patentee of a thin metallic or wooden membrane, instead of the textile membrane used by Dillon. However, in the British patent issued to Stevens perforated sheet metal was used to hold the

616

sound-deadening material in place. This patent clearly disclosed the practicability of using metal instead of a woven textile fabric as the facing for the sound-absorbing material. That the patent in which this disclosure appeared is a foreign patent is immaterial under section 35 U.S.C.A. § 31. In re Cross, 62 F.2d 182, 20 C.C.P.A., Patents, 710; Becket v. Coe, 69 App.D.C. 51, 98 F.2d 332.

The Norris patent differs from the Stevens patent only in that the latter says nothing about the size of the holes nor the spacing between them.

No patent referred to by defendant contains what seems to us to be the distinctive feature of the Norris patent, to wit, the spacing of the holes in accordance with the wave length of the sound to be absorbed. This, however, was a principle known in the art. Lamb in his book on "The Dynamical Theory of Sound" treats of the transmission of sound through apertures. He sets forth a formula for computing the sound transmission through apertures, depending on the size of the openings, the spacing between the openings, and the wave length of the sound to be absorbed.

This is the only feature of the Norris patent which in our opinion differs from prior patents, and it had been anticipated by the Lamb publication. See Freyn Engineering Co. v. Coe, 65 App.D.C. 9, 79 F.2d 134.

In the case of Burgess Laboratories, Inc., v. Coast Insulating Corp., 27 F.Supp. 956, the District Court held claim 4 valid, but it does not appear from a reading of the opinion that the Stevens patent and the Lamb publication were relied on in that case. In our opinion this patent and this publication, taken in conjunction with the Dillon patent, clearly anticipate the patent in suit.

We are of opinion the Norris patent is invalid for lack of novelty. It is, therefore, unnecessary for us to discuss whether or not the defendant's construction infringes the Norris disclosure.

Plaintiff's petition will be dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN, and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.