Arthur KEEFE, Richard J. Romweber and Robert B. Romweber, Plaintiffs,

v.

Robert C. WATSON, Commissioner of Patents, Defendant.

Civ. A. No. 4255–56.

United States District Court District of Columbia.

Oct. 24, 1958.

Russell N. Low, Washington, D. C., J. William Freeman, Akron, Ohio, for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.*

This is a civil action brought by plaintiffs, pursuant to Title 35 U.S.C. § 145, to authorize defendant to re-issue to plaintiffs the Keefe patent No. 2,563,787 to include claims 13 to 18 which were rejected by the Patent Office as being unpatentable over a Wingfoot (Australia) patent No. 122,731, that patent in view of the Killen (Great Britain) patent No. 329,955, and the patent of McMahan No. 2,331,795. Claims 1 to 5, inclusive, were allowed.

Claim 13 is representative of the claims in issue, and reads as follows:

"13. A tire of the character described, adapted to be mounted upon a tire rim, comprising: bead portions each having the radial inner circumferential face and the contiguous outer lateral face thereof provided with sealing means including a pluralty of integral deformable protuberances extending outwardly from said faces, whereby sections of said bead portions are spaced and sealed with respect to said rim by said protuberances; said protuberances being uniform in composition with respect to each other, and each said protuberance being uniform in composition with respect to the face from which the same integrally extends."

The claims herein pertain to a tubeless tire provided with sealing ribs on the radial inner circumferential faces and on the contiguous outer lateral faces of the bead portions of the tire. A feature including an inner lining of puncture sealant in the tire is added in claim 16. Claims 17 and 18 pertain to the tire associated with a tire rim provided with an inflation valve, claim 18 being more specific in that the rim is stated to be a flat-base rim and the valve is said to be flush with the rim. Claims 13, 14 and 15 were held to be unpatentable over the Wingfoot patent.

That patent clearly discloses ribs of uniform composition and also modifications thereof showing arrangement of ribs of differing composition which are stated to be for a specific object, the broad objective of the patent being for ribs for both load-bearing and sealing. The ribs are described in the patent as "being formed as a continuation of a sheet of rubber extending over the inner surface of the tire from bead to bead." It is only in one form of the invention that the ribs are alternately of butyl rubber and natural rubber.

While the Wingfoot patent is a foreign one, it is, under the authorities, good as a reference for use alone or with the prior art. In re Holst, 44 F.2d 873, 18 C.C.P.A., Patents, 748, 7 U.S.P.Q. 220; In re Cross, 62 F.2d 182, 20 C.C.P.A., Patents, 710.

Clearly, in accordance with what has been hereinabove set out, the Court holds that claims 13, 14 and 15 were properly held to be unpatentable over the Wingfoot patent.

As has been hereinbefore mentioned, claim 16 adds to claims 13 to 15 as a combination a puncture-sealing composition. Such a composition is disclosed in the Killen patent. Of course, it might be difficult to physically take the liner of the Killen patent and place it in the Wingfoot device, but certainly the combination of the teachings of the two pat-

---

* A Senior Judge of the United States Court of Customs and Patent Appeals, sitting by designation pursuant to the provisions of § 294(d) of Title 28, United States Code.

838

ents would be obvious. In re Bascom, 230 F.2d 612, 43 C.C.P.A., Patents, 837.

Claim 17 provides for a rim in combination with a tire, the former having a valve stem, and claim 18 in addition sets out that the valve is recessed in the rim so as to be flush therewith.

The McMahan patent discloses, and the Killen patent describes, a valve stem in a metal tire rim. It would, in the opinion of the Court, be obvious to adopt such valve stem in the Wingfoot structure, and we have heard no evidence or argument to the contrary. Furthermore, the device of McMahan discloses a valve stem below the bead-engaging parts of the rim.

Therefore, it is held that claims 16, 17 and 18 were properly rejected, as held by the Patent Office.

The Findings of Fact and Conclusions of Law having been included in this Opinion, no formal Findings and Conclusions are necessary. Counsel for defendant will prepare an appropriate judgment consistent with this Opinion.