## In re SCHOENROCK.

### No. 2992.

Court of Customs and Patent Appeals.

June 20, 1932.

Henry P. Doolittle, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application for a patent on improvements in rolled steel shapes, such as are used for traction lugs upon the wheels of vehicles, particularly tractors. The appellant's device is sufficiently described by claim 4, which is as follows: "4. A traction lug characterized as being formed of rolled steel with lateral wings and with parts projected from inner edges of the wings at inclinations thereto and forming an inverted truncated V in cross section, and having a solid soil penetrating portion into which the inclined parts merge, the sides of the inclined parts being in the form of rectangular parallelograms, the lug being open at the ends."

The Examiner rejected the claims, three in number, 4, 5, and 8, and this rejection was affirmed, on appeal, by the Board of Appeals. The claims were rejected on reference to the following: Baker, 374,770, December 13, 1887; Morton, 1,195,066, August 15, 1916; Bradley, 1,277,287, August 27, 1918; Nelson, 1,482,139, January 29, 1924.

The principal contention of appellant here is that he has, by the use of rolled steel, perfected a traction lug which is more durable, more efficient, and cheaper than anything heretofore known in the art. He contends that heretofore traction lugs have been made of cast or stamped metal, and that he is the originator of the rolled shape as applied to such lugs. He contends that, by using the rolling process, the lugs are of better shape for resistance to wear than any heretofore devised.

On the other hand, the Patent Office tribunals held, and the solicitor for the Patent Office argues, that the art of rolling plates or bars of metal in the general shape shown by appellant is old, as shown in the reference patents to Baker and Bradley. It is also argued that the reference patent to Morton shows a traction lug of approximately the same shape and applied in the same manner. It is therefore argued that the form and shape of the lug being old, and the process of rolling being well known to the art, there is no invention in appellant's application. We agree with the Board of Appeals in its conclusion.

It has been held that the mere substitution of materials used as means of making an article is not invention. If the use of a new material involves a new method of construction, or if the new material has not been theretofore known to the art, or if the use of such new material develops new uses and properties of the article, then such substitution may constitute invention.

We are unable to find from the facts presented by this record, anything novel in the article produced by the applicant, except such as would be produced by the substitution of another material having properties and uses well known in the art. In such case, a patent should not issue. Hotchkiss et al. v. Greenwood et al., 11 How. 248, 265, 13 L. Ed. 683; Florsheim v. Schilling, 137 U. S. 64, 76, 11 S. Ct. 20, 34 L. Ed. 574; Potts & Co. v. Creager, 155 U. S. 597, 608, 15 S. Ct. 194, 39 L. Ed. 275; In re De Van Horning, 54 App. D. C. 271, 296 F. 1018; In re Stevens, 36 F.(2d) 296, 17 C. C. P. A. 684; Drake C. P. S. Lug Co. v. Brownell & Co.

(C. C. A.) 123 F. 86; In re Orcutt, 32 App. D. C. 345.

The decision of the Board of Appeals of the United States Patent Office is affirmed.

Affirmed.