## In re FISCHER.
### Patent Appeal No. 3000.

Court of Customs and Patent Appeals.
Dec. 19, 1932.

See also (Cust. & Pat. App.) 58 F.(2d) 1060.

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, which decision rejected claims 8 and 9 of appellant's application for a patent on alleged improvements in expansion joints. The rejected claims are as follows:

"8. An expansion joint comprising a waterproof binder reenforced throughout with long and short cotton fibers which have been interlocked in a mat-like structure.

"9. Construction material comprising a preformed body of bituminous material reenforced throughout with long and short cotton fibers which have been interlocked in a mat-like structure."

Appellant's alleged invention is sufficiently described for the purposes of this case in the quoted claims. The claims were rejected by the Board of Appeals on the ground that to allow the same would be to grant to the appellant a second patent on the same subject-matter; that there was issued to the appellant on September 11, 1928, a patent, No. 1,683,881, for an expansion joint which includes the disclosure of, and claims for, substantially the same article; and that, as there was no substantial difference between the product disclosed in this application and that claimed in said patent, the allowance of the claims here in issue would be an undue prolongation of the monopoly already enjoyed by appellant. It is admitted that the two applications were copending.

An examination of the cited patent shows that appellant there disclosed an expansion joint composed of a fibrous material, permeated with a bituminous filler. The patent specification recites, in part: "In developing this structure I select two different kinds of fibrous material, that is to say, a relatively short fibre and a relatively long fibre. For the purpose of illustration I will take felt, which is ordinarily a short fibre, although long enough to interlock or intertwine. For the relatively long fibre I will take, as an example, ordinary coreen (cocoanut fibre), which is a relatively long fibre. * * * " It further recites: "* * * I do not mean by this that I am necessarily limited to the use of felt and coreen, but I have simply selected these materials as being preferable in most instances as a very good example of the nature of the material which I will have to use."

Fourteen claims were allowed in said patent. Claim 5 is typical, and is as follows: "5. A preformed expansion joint comprising waterproofing material having incorporated therein individual long fibres of tough, nonbrittle material and also relatively short interlocking fibres, said joint being formed by mixing the fibres into the waterproofing material while warm in order to form a plastic homogeneous mass and then forming the mixture into strips."

It will be observed that the patent not only discloses, but claims, an expansion joint made of a bituminous binder and short and long fibers mixed and interlocked and embedded in the mass.

Appellant claims, however, that he has, in his application here, taught the use of long and short *cotton fibers*, and that inasmuch as this is a new material not disclosed nor claimed in the patent, he is now entitled to a patent therefor. No affidavits were presented, nor is there any showing in the record, that any different results are produced by the use of said long and short cotton fibers, than would be produced by the materials disclosed

in appellant's patent. In so far as the present disclosure goes, appellant has substituted a different material for the old, which substitution is thought by the Board of Appeals to constitute "no substantially different or patentably novel invention from that covered by the claims in appellant's prior patent."

The mere substitution of materials, that is, the employment of short and long cotton fibers for the fibers described in the patent, in substantially the same manner, and with the same effect, as the materials disclosed by the patent, constitutes no invention. Hotchkiss v. Greenwood, 11 How. 248, 265, 13 L. Ed. 683; Hicks v. Kelsey, 18 Wall. 670, 21 L. Ed. 852; Florsheim v. Schilling, 137 U. S. 64, 76, 11 S. Ct. 20, 34 L. Ed. 574; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952; In re Lobdell, 10 F.(2d) 656, 56 App. D. C. 91; In re Holst, 44 F.(2d) 873, 18 C. C. P. A. 748.

As it does not appear that substitution of the long and short cotton fibers accomplishes a new and useful result, or any increased efficiency, it is believed that the appellant has not shown any patentable distinction between the claims of his present application and those of his patent. This being true, his present claims were properly rejected. He may not have two patents upon the same invention. In re Peiler, 56 F.(2d) 878, 19 C. C. P. A. 1051; In re Fischer, 57 F.(2d) 371, 19 C. C. P. A. 1060; In re Fischer, 57 F.(2d) 369, 19 C. C. P. A. 1077.

The decision of the Board of Appeals is affirmed.