Modified.

## In re CLEWELL.

### Patent Appeal No. 3404.

Court of Customs and Patent Appeals.
Feb. 4, 1935.

Rehearing Denied March 4, 1935.

Harold A. Kingsbury, of Wilmington, Del. (Chester H. Biesterfeld, of Wilmington, Del., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

There are here upon appeal 10 claims (being all the claims), numbered, respectively, 1 to 10, of an application for patent relating to nondiscoloring safety glass. The rejection by the Examiner of the United States Patent Office was based upon prior art, and his decision was affirmed upon that ground by the Board of Appeals, as more particularly hereinafter stated.

Claims 1 and 6 are regarded as fairly representative:

"1. As an article of manufacture an actinismproof reenforced glass structure comprising a sheet of glass and a layer of carbohydrate-compound plastic containing a sufficient proportion of a light-proofing plastifying agent to render the plastic substantially unaffected by actinic light."

"6. As an article of manufacture a reenforced glass structure comprising a pair of glasses with a layer of pyroxylin plastic interposed therebetween and united thereto, said plastic containing not more than 12% of camphor."

The references cited are: Benedictus, 1,128,094, February 9, 1915; Benedictus, 1,182,739, May 9, 1916; Kessler, 1,456,782, May 29, 1923.

While several of the claims like No. 1, supra, do not define in express terms a construction composed of a pair of glasses with a plastic layer interposed therebetween, such as is described in claim No. 6, supra, but would seem to be met by a single sheet of glass having such a layer imposed upon it, the argument before us proceeded wholly upon the assumption that all the claims should be construed as requiring two sheets of glass united by an interposed layer of plastic material. Such we understand from the record is the practice in the art of producing what is called safety or nonshatterable glass, one of whose common uses is for windshields for motor vehicles, and it is a construction of this type which is specifically defined in appellant's specification.

Specifically, the invention which appellant claims to have made is that of a safety glass, the pyroxylin layer of which, in the language of the specification, is "* * * not subject to deterioration by the sunlight, i. e. 'actinismproof.'"

After explaining that the problem of producing such glass has been approached heretofore, "as by the use of sheets of glass which are themselves non-actinic, and,

so, will protect the central plastic sheet," appellant's specification recites: "I have found that the discoloration of the cellulose ester plastic is, to no small extent, due to the use in the plastic of plasticizers and solvents which either themselves discolor, or have a catalytic action on the cellulose ester causing it to decompose and discolor, or have both of these objectionable qualities at the same time. In particular, I have found camphor a major offender in the respects noted; and, as is well-known, camphor is a usual and standard ingredient of cellulose ester plastics as generally produced, about 25% of this ingredient being generally present."

The specification then recites the substitution for all, or a portion of, the camphor, commonly used as an ingredient in plastic materials, of other plasticizing agents, naming amyl acetate and triacetin.

The argument on behalf of appellant is that, while others had sought to prevent discoloration by shielding the plasticizer with nonactinic glass, he discovered that a solution lies in using a plasticizer itself rendered immune to actinic action by the elimination of all, or a part of, the camphor used as a plasticizer ingredient.

The patent to Kessler is for a cellulose ester composition. Its specification recites that the patentee had experimented to find softeners or camphor substitutes for such compositions, and sets forth, in detail, certain experiments made, particularly with glyceryl triacetate. It is not disputed that he teaches the use of triacetin as a substitute for camphor in pyroxylin plastics, and also that a limited amount of camphor may be employed in addition to the triacetin. Also, the specification recites that a liquid coating composition may be made from the plastics which he describes by adding sufficient solvent, "for example methyl-alcohol and an alkyl acetate, such as ethyl or amyl acetate."

Kessler does not recite any specific use or uses of his product, but there is a claim of an increase in stability of the organic substance for cellulose esters, and while he teaches nothing with respect to its being "actinismproof" there appears to be no question but that this is one of its inherent properties.

Patent No. 1,182,739, to Benedictus, discloses a manufacture of "Strengthened Glass" comprising two sheets of glass with an interposed gelatin sheet or two films of gelatin separated by a film of celluloid.

The Benedictus patent, No. 1,128,094, discloses a safety glass composed of two sheets of glass with a sheet of celluloid interposed therebetween. This patent also teaches the immersion of the celluloid in a solvent such as amyl acetate.

We do not understand it to have been the view of the Board of Appeals that the use of the amyl acetate taught by Benedictus, as recited, of itself constitutes an anticipation of appellant's method of substitution, since Benedictus apparently applied it, as is suggested in appellant's brief, to a celluloid probably containing 25 per cent. camphor, merely to soften the celluloid and not as a substitute for the camphor or for any part thereof.

But the Board did hold that there was no invention in substituting the Kessler product for the celluloid of Benedictus, saying: "If Kessler's material were used in lieu of the celluloid sheet of the patent to Benedictus No. 1,182,739, the claims would be met."

In the final analysis the sole question before us is whether such holding by the Board of Appeals is erroneous, and it seems quite clear to us that it is not.

Benedictus taught the making of a strengthened article by interposing a certain type of plastic material between two sheets of glass; Kessler taught the making of an improvement in such plastic material; appellant takes the improved material and uses it in lieu of that used by Benedictus. Nothing inventive over Kessler's teachings with reference to the material itself is claimed by appellant, nor anything inventive over Benedictus in the glass parts or in the manner of uniting them.

It seems to us that the facts of this case distinguish it from the cases cited as authorities on appellant's behalf, where under certain circumstances substitution of materials was held to involve invention. We can discern nothing in this case which would justify a holding that there is here presented an application that does not fall within the general rule followed by this court, with citation of pertinent authorities, in the cases of In re Otto R. Schoenrock, 59 F.(2d) 235, 19 C. C. P. A. (Patents) 1268, and In re Fischer, 62 F.(2d) 96, 20 C. C. P. A. (Patents) 708.

The decision of the Board of Appeals is affirmed.

Affirmed.