22 C. C. P. A. (Patents)

## In re LANGDON.

Patent Appeal No. 3490.

Court of Customs and Patent Appeals.
June 3, 1935.

W. Bartlett Jones, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application was filed in the United States Patent Office by appellant, for a patent upon certain claimed new and useful improvements in metal protected mirrors. As a result of the proceedings in the office, claims 3 to 16, inclusive, and claims 27 to 33, inclusive, were rejected by the examiner. On appeal, the Board of Appeals reversed the examiner as to claims 15 and 16, and affirmed his decision as to all other claims. Claims 3, 4, 9, and 14 are thought to be typical, and are as follows:

"3. A mirror comprising a body of light-transmitting medium, an opaque relatively thin reflective silver film adherent to one surface of said body, a metallic protective coating metallically united to said silver film, the metal in said protective coating being chosen from a group in the periodic system separated from the group containing silver by at least three other groups and excepting nickel.

"4. A stable reflecting light comprising in combination a heated source of light and a mirror exposed to the heat of said light, said mirror comprising a body of light-transmitting medium, an opaque relatively thin reflective silver film adherent to one surface of said body, a metallic protective coating metallically united to said silver film, the metal in said protective coating being one chosen from Group VIII of the periodic system."

"9. A mirror comprising a body of light-transmitting medium, an opaque relatively thin reflective silver film adherent to one surface of said body, a metallic protective coating metallically united to said silver film, the metal in said protective coating, excepting nickel, being incapable of destroying the characteristic surface of silver under the conditions of normal exposure of said mirror, which conditions cause copper as a protective film to discolor or modify the reflecting surface of the silver film."

"14. A stable reflective light comprising in combination a heated source of light and a mirror exposed to the heat of said light, said mirror comprising a body of light-transmitting medium, an opaque relatively thin reflective silver film adherent to one surface of said body, and a protective nickel coating metallically united to said silver film."

The subject-matter of the invention is a mirror of glass, or other light transmitting medium, with a silver reflecting back coating, which silver coating is backed by another coating of a metal not belonging to the same group of the periodic system as silver, and which will not produce a tarnish or colored appearance in conjunction with the silver coating, as a result of the application of heat or light to the surface of the reflector. This second coating is, in turn, covered by a protective coating of paint, or other like substance. The substance of the claimed invention is that the practice in the prior art in the preparation of such mirrors has been to use a copper backing for the silver coat; that this copper backing, or backing of a similar metal of the same group or kind, will deteriorate by an admixture or alloying of the copper and silver coats; that the appellant has discovered why this discoloration takes place; that the same will not occur when a so-called "white metal" is used, or a metal which is in any of the groups from III to VIII of the periodic system. The appellant contends that his disclosure is new to the art and is inventive.

During the progress of the application through the Patent Office, the appellant, through his counsel, amended his application by eliminating any claim for a backing of the metal nickel as a secondary coating for the mirror, doing so in view of a patent to Liebig (British), No. 1255, which appellant had discovered, and which he cited. The appellant, also, in the progress of his claims, filed a number of

affidavits in which the commercial success of appellant's product seems to be established.

The examiner cited two references as follows: Dake, 1,759,099, May 20, 1930; and Corbit, 1,835,636, December 8, 1931— and rejected all the claims upon these references.

The Board of Appeals cited the same references relied upon by the examiner. In addition, the board recurred to the patent to Liebig. The board called attention to the fact that the appellant had attempted to distinguish his claims from those of the Liebig patent, by adding the words "excepting nickel" to each of the claims 3, 9, 10, 12, 13, 27, 28, and 29, and by prefixing each of claims 4, 5, 6, 8, 11, 14, and 15 with the statement, "a stable reflecting light comprising in combination a heated source of light and a mirror exposed to the heat of said light," or similar language.

As to the expression "excepting nickel," the board stated that this was a negative expression, "whereas the distinguishing features should be positively stated in the claims."

As to the attempted differentiation from the Liebig reference as to a reflector adapted for use in proximity to a source of light and heat, the board was of opinion that the Liebig mirror was clearly adapted for use as a reflector in connection with a source of light and heat.

All the claims except 15 and 16 were further found to be properly rejectable on features disclosed in the prior art. As to claim 15, which claims for a protective coating of iron, and 16, which recites a protective coating of cobalt, these were thought to be fairly allowable.

The reference Dake discloses a process for manufacturing reflectors for headlights and the like. The patent discloses the use of silver and chromium as reflecting surfaces, and that silver easily tarnishes and loses its brilliancy; that it is necessary to interpose between the chromium reflecting surface and a backing of copper an intermediate layer of material, such as nickel, in a reflector. The patent also discloses that silver chemically deposited is always porous, and that it is impossible, in a chemical deposit of silver, to make it completely opaque; that in such cases it is necessary to back the silver up by another layer of silver

put on by electroplating, upon which may next be placed a layer of copper. This, the patentee recites, will keep the silver surface from tarnishing.

The patent to Corbit involves the making of surfaces plated with chromium used for reflecting purposes, and in which the plating of chromium is backed up by a foundation of metal which "also has reflecting properties and color similar to that of chromium." This undercoating, the patent recites, should be one, "the electrolytic potential of which is intermediate chromium and copper." These reflectors are used for lighting devices which are subject to "rather high temperatures." The patent recites that the backing coat of the chromium should be a metal "similar in color to chromium." Nickel or cadmium is suggested as a backing coat, which, it is stated, "serves as a silver-like backing for the chromium in case the chromium plating is thin or becomes worn through."

The patent to Liebig is one dealing with silvered surfaces of mirrors and other glass articles, and proposes to protect the silvered surfaces of mirrors and other glass articles by depositing on the back of the same a coating of copper, or gold, or nickel, or other metals. In the specification, the metal tin is also suggested as a substitute for the above named metals.

It was this last-named patent, and the disclosure of nickel made therein, which caused the appellant here to amend his application and claims by the elimination of nickel and the insertion of the language in the claims "excepting nickel."

In view of the state of the art, as shown by these patents, we must agree with the decision of the Board of Appeals in rejecting the claims now before us for consideration.

Claims 3, 9, 10, 12, 13, 27, 28, and 29 contain the language, "excepting nickel." This is, as is stated by the Board of Appeals, the statement of a negative claim. We do not understand that this adds anything to these claims if the appellant is willing to concede, as he has done by his amendment, that Liebig is entitled to the benefit of his patent as to a protective coating of nickel. It seems apparent, as is stated by the examiner, that Liebig would be entitled to a fair range of equivalents. Certainly, it does not appear that there are metals in other groups

specifically mentioned by the appellant, which produce the same effect as nickel would produce, and yet are clearly distinguishable from the same, and which might not be treated as the reasonable equivalents of nickel. If there are such metals, it was the duty of the appellant to specifically claim them, as he has done in claims 15 and 16, which claim iron and cobalt specifically, and which were duly allowed by the Board of Appeals. There is nothing apparent in the disclosure of the application here which distinguishes other of the metals in groups III to VIII, inclusive, from the nickel of Liebig, Corbit, and Dake.

The element which is introduced into these claims as to a reflecting surface "in combination with the heated source of light," or similar language, discloses nothing new to the art. Dake and Corbit specifically mention such reflecting surfaces as used in connection with a source of light and heat, and we agree with the tribunals of the Patent Office that Liebig also discloses a mirror which may be so used.

The Board of Appeals is also of opinion that claims 9, 10, 11, 12, and 13 are functional. In view of our conclusion as to the prior art references, we find it unnecessary to discuss this holding or to pass upon the correctness of the same.

The appellant contends that although the prior art may have used metals for a protective coating similar to those disclosed in his application, the art did not understand the reason for so doing, did not discriminate between such materials and copper, for instance, and that the appellant has been the first to discover the real cause for the desirability of using materials for protective coating such as he has here specified. It may be that this claim has some merit to it. However, Dake and Corbit both disclose that the protective metal should be of the same color as the reflective surface, so that any scratching or deterioration of the reflective surface might not be apparent. It is quite apparent that any one skilled in the art who studies these references and their disclosures would at once appreciate the desirability of such a protective coating.

An applicant is not entitled to a patent for the discovery of the scientific explanation of the successful operation of a device, or process, theretofore invented by another. In re Ebert et al., 57 F.(2d) 356, 19 C. C. P. A. (Patents) 1087.

The decision of the Board of Appeals is affirmed.

Affirmed.