Reversed.

33 C.C.P.A.(Patents)

## In re LEE.
## Patent Appeals No. 5111.

Court of Customs and Patent Appeals.
March 6, 1946.

James T. Kline, of Bridgeport, Conn., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The alleged invention involved in this appeal from the decision of the Board of Appeals of the United States Patent Office relates to a metal coating process and especially the coating of non-ferrous articles, particularly articles made of alloys contain-

ing copper as the predominant ingredient, such as brass or bronze.

Claims 5, 10, 13, 14 and 21 are all method claims, and claims 22 and 23 are directed toward defining the article. The Primary Examiner rejected all the appealed claims, which were all the claims in the application, on the single reference patent to Cooper, No. 2,149,253, issued March 7, 1939, and in addition to that ground of rejection there were other grounds which were disapproved by the board.

Claims 10 and 22 are regarded as illustrative of the appealed subject matter and read as follows:

"10. A process for producing an integral lustrous metal coating upon the surface of a cast metal article composed predominantly of copper, which consists in bombarding the surface of said metal article with solid, substantially globular particles of an ichnogenic metal having the same type composition as the metal to be coated, and being more malleable than the latter, said particles having a maximum size not substantially exceeding that which passes a 16 mesh screen, and the major portion thereof having a diameter not substantially less than one-half the diameter of particles just retained by a 40 mesh screen, said particles traveling at a velocity of from about eight thousand to nine thousand feet per minute.

"22. A cast bronze article having thereon a thin, integral, lustrous coating of bronze of a greater malleability than the article deposited from globular particles of coating bronze which will pass a 16 mesh screen and be retained by a 40 mesh screen projected thereagainst at a velocity of between 8 and 9 thousand feet per minute, the surface of the cast article being increased in hardness and durability and free of any appreciable random deformations."

Appellant's alleged inventive method consists in producing an integral, lustrous metal coating on the surface of a cast bronze article by bombarding the surface of the article to be coated with solid, substantially globular particles of metal which is of the same type as the article to be coated. He teaches that the shot used in bombarding the article should be more malleable than the article and should have a maximum size not substantially exceeding that which passes a 16 mesh screen, and the major portion thereof having a diameter not substantially less than one-half the diameter of particles "just retained" by a 40 mesh screen, and his claims are limited to the further requirement that the bombarding particles travel at the velocity of from eight to nine thousand feet per minute.

It is urged that this process not only removes objectionable roughness from the article but coats it with a desirable bronze coating which renders unnecessary the ordinary step in the art of giving the article a "bright dip" treatment which is in the nature of an acid bath.

The patent to Cooper upon which the claims were rejected treated steel articles with a thin coating of stainless steel or other corrosion-resisting metals or alloys to prevent oxidation or corrosion thereof. Cooper found that if the article was bombarded with ordinary steel pellets or shot the coating on the article was subject to oxidation but that when it was bombarded with stainless steel shot the coating took on the properties of stainless steel and corrosion was thereby avoided.

Cooper made no mention of the size of the shot or the speed at which they traveled during the bombarding process. The patentee says he cleans and polishes his object and renders it non-corrodible.

The board, in denying the claims, had the following to say in part:

"The claims stand rejected as being unpatentable over the patent to Cooper on the ground that this reference discloses each of the manipulative steps defined in all of the claims. It does not disclose, as the Examiner admits, certain details of appellant's specific process such as a cast bronze article to be coated, that the coating pellets are of phosphor bronze, the size of the particles, or the velocity with which the particles are propelled. These distinctions, the Examiner holds, do not constitute patentable variations over Cooper.

"The patentee states that he coats metal articles such as iron or steel with a thin coating of stainless steel or other corrosion-resisting metals or alloys of metals. It is stated in the patent specification that the object is to provide a method of cleaning and polishing objects made of stainless steel or, more broadly, other corrosion-resisting metals or alloys of metals to give them a lasting and durable finish and a non-corrodible surface. The coating composition may be pellets, in the nature of shots, punchings, filings or the like, of corrosion-resisting metals or alloys, and in practicing

the process the pellets are forcibly contacted with the object to be coated. One example of the manner in which the pellets may be projected is by the use of compressed air. The patentee states clearly that the coating pellet should be of a softer metal than the object being coated so that a minute quantity of the corrosion-resisting metals is deposited on the surface of the object to be coated as in appellant's process. As a result, it is stated that the object will become covered with a thin, closely adhering coating and in the case of objects made of corrosion-resisting metals or alloys thereof, pellets of a similar metal or alloy should be used. It thus appears that the patentee Cooper discloses a process directed to generally the same objects sought by the patentee.

"With respect to the limitations in the claims which Cooper does not disclose, we consider that these features constitute matters which, upon experimentation, would become apparent to one skilled in this art practicing the Cooper process. It appears to be obvious that the particular size and the velocity with which the pellets are projected must be such that the pellets will produce the coating to which Cooper refers."

Appellant submitted at the proper time an affidavit which was considered by the examiner and was before the board in which the method of the Cooper reference was discussed and various exhibits of bronze castings treated in accordance with appellant's method and some exhibits treated otherwise were also submitted in an attempt to show that the size of the pellets and the velocity at which they traveled were largely responsible for the alleged improved results obtained. The examiner was of the opinion that the affidavit did not justify his withdrawing the reference and allowing the claims but that "these [results] follow from experimentation and are obviously the result of extended tests. The determination of the most efficient size of pellets and speed of projection is not considered to be patentable."

This was substantially the same view expressed by the board.

It was pointed out in the board's decision, as it was in that of the examiner, that Cooper discloses a process directed generally toward the same object sought by the appellant and that the limitations in some of the claims heretofore referred to did not define invention over the Cooper process and that the merits flowing from such disclosures by appellant over that of Cooper were those that could be arrived at by experimentation without involving invention.

About all that appellant has done is to apply the essential features of the Cooper method to a different material. No inventive act is involved in experimenting with the Cooper method and thereby ascertaining what kind of metal it will work on with best results as well as determining the size of the pellets and their velocity in bombardment which will best serve the stated purpose.

It was evidently the position of the board, as it is ours, that the speed of the traveling shot or their size could not, under the circumstances, be regarded as critical. If invention rests in the alleged criticalness of the size and velocity of the pellets alone, no good reason can be seen why appellant's application might not have included the treatment of stainless steel articles, notwithstanding the Cooper patent. If this were true, Cooper, in employing his method, would be restricted to certain size pellets and to a certain range of velocity in bombarding the same, although upon this record he was the first to employ this character of method in this art.

On petition for rehearing the board pointed out that while Cooper does not state that his process obviates the necessity for acid dipping he mentions no such step and that if it had been regarded as necessary he would have called attention to it. The board further said: "On the contrary, the clean, polished surface indicated by Cooper would indicate otherwise. As to the color of the surface produced by Cooper and appellant, this feature depends upon the alloy used for applying the coating and is obviously a matter of choice."

We are in agreement with the holding of the board in affirming the examiner's rejection of the appealed claims as not defining invention over the patent to Cooper, and its decision so doing is affirmed.

Affirmed.