Hatfeeld, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner’s decision rejecting claims 17 and 18 in appellant’s application for a patent for an invention on a magnetic core, on the ground of lack of invention over the prior art. Claims 1, 3, 8 to 18, inclusive, 19 and 20 of the application have been allowed.
The appealed claims read:
17. In a magnetic core, an annealed core body comprising magnetic particles and an inorganic insulating binder, and a protective envelope enclosing said body, said protective envelope comprising a layer having as a binder solely an oil modified alkyd resin.
18. In a magnetic core, a core body composed of magnetic material and an inorganic insulating binder, and a protective envelope enclosing said body, said envelope comprising a layer having as a binder solely a reaction product of phtlialic acid and glycerine modified with a fatty acid derived from a drying oil.
*1161 The references relied on are:
Edgar, 2,074,782,' March 23,1937.
Gillisj 2,076,230, April 6, 1937.
Appellant’s application discloses a magnetic core in the form of a ring, the core being made up of finely divided magnetic particles coated with an insulating binder. The core is enclosed in a protective envelope comprising particles of titanium dioxide dispensed through a layer of an oil modified alkyd resin which may be a reaction product of phthalic acid and glycerine modified with a fatty acid derived from a drying oil.
The patentee Edgar states that fatty oil and modified polyhydric alcohol-polybasic acid resins have been satisfactorily used as protective and decorative coating compositions. The resins described by the patentee are oil modified alkyd resins.
The patent to Grillis discloses a magnetic core body made up of annealed magnetic particles coated with an inorganic insulating binder. The core body is surrounded by a protective envelope in the form of a ceramic coating. The patent clearly discloses everything called for by the appealed claims except that the protective envelope described by the reference patent is formed of ceramic material, instead of a layer having as a binder solely an oil modified alkyd resin, as called for by claim 17, or a layer having as a binder solely a reaction product of phthalic acid and glycerine modified with a fatty acid derived from a drying oil, as called for by claim 18.
Tire issue presented by this appeal is simply whether, in view of the disclosure in the patent to Edgar, it would require invention to make the protective envelope, disclosed by the patentee Gillis, of the substances called for by claims 17 and 18, instead of making it of ceramic material.
The patent to Edgar discloses that it is old to use oil modified alkyd resins for protective and decorative coatings. Although the patentee does not mention the specific oil modified alkyd resin called for by claim 18, there is clearly no basis for a holding that that resin differs patentably from other oil modified alkyd resins.
Appellant’s application states that the resin called for by claim 18 “gives particularly good results” but that “resins derived from other polybasic acids and alcohols can also be used.” There is no showing as to any critical or unexpected superiority of the resin called for by claim 18 over other resins of the group defined in claim 17. It follows that if claim 17 does not define invention over the prior art, claim 18 likewise fails to do so.
The patent to Edgar contains the statement that oil modified alkyd resins “are used as protective and decorative coating compositions *1162 quite satisfactorily but require longer heat treatments than is often practical to produce hard films.” This is a clear disclosure of the broad idea of using such resins for coating purposes. Counsel for appellant contends, however, that the idea of using these resins for coating the particular magnetic core, called for by claims 17 and 18, was one which required the exercise of invention, even though the use of a protective coating of ceramic material on a magnetic core, of the kind defined by those claims, is disclosed in the patent to Gillis.
It is the general rule that, in the absence of any unexpected result, the substitution of one material for another is not a matter of invention. See In re Otto B. Schoenrock, 19 C. C. P. A. (Patents) 1268, 59 F. (2d) 235, 14 U. S. Pat. Q. 29; In re Fischer, 20 C. C. P. A. (Patents) 708, 62 F. (2d) 96, 15 U. S. Pat. Q. 309; and In re Clewell, 22 C. C. P. A. (Patents) 936, 74 F. (2d) 1001, 24 U. S. Pat. Q. 298. The rule stated has been specifically applied to coating and wrapping materials. See Minton Mfg. Co. et al. v. Continental Briar Pipe Co., Inc., 93 F. (2d) 271, 36 USPQ 279; Triangle Conduit & Cable Co., Inc. v. National Electric Products Corporation, 56 F. Supp. 979, 62 USPQ 350; and In re Lee, 33 C. C. P. A. (Patents) 896, 154 F. (2d) 152, 69 USPQ 121.
Although it is asserted in the brief of counsel for appellant that “the result of using an oil modified alkyd resin coating on a loading coil core was revolutionary” and that “It marked the greatest advance in loading coil manufacture in many years,” there is no evidence of record to substantiate that assertion, nor any evidence of record •of comparative tests to show superiority of the coating compositions claimed here over the ceramic coating material disclosed in the patent to Gillis. Furthermore, statements of counsel in a brief cannot take the place of evidence. See In re Burns, 23 C. C. P. A. (Patents) 1091, 83 F. (2d) 292, 29 USPQ 423, and In re Casey, 35 C. C. P. A. (Patents) 869, 165 F. (2d) 1019, 76 USPQ 463.
The arguments advanced by counsel for appellant have been carefully considered, but we are of opinion that no showing has been made which would justify holding that the substitution of the substances •called for by claims 17 and 18 in appellant’s application, for the ceramic coating material of the patent to Gillis, required the exercise ■of invention.
For the reasons stated, the decision of the Board of Appeals is ■affirmed.
By reason of illness, O’Connell, Judge, was not present at the argument of this case and did not participate in the decision.