37 C.C.P.A.(Patents)

### Application of OAKES.
### Patent Appeal No. 5643.

United States Court of Customs
and Patent Appeals.

Feb. 2, 1950.

Harold J. Kinney, St. Paul, Minn. (Richard K. Stevens, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining that of the Primary Examiner rejecting claims 60 and 61 of appellant's application for patent for "Vinyl Resin Adhesive Sandpaper."

Both the Primary Examiner and the board rejected claim 62 but that claim was cancelled by appellant concurrently with the filing of his notice of appeal to this court, and therefore it is not before us here.

The claims read as follows:

"60. An abrasive article comprising abrasive grains and a solidified binder including at least one material from the group consisting of the polymers of vinyl chloride, vinyl acetate, B-chlor-propylene and styrene.

"61. A coated abrasive article comprising a backing material and a layer of abrasive grains attached thereto by a binder including at least one material from the group consisting of the polymers of vinyl chloride, vinyl acetate, B-chloropropylene and styrene."

The alleged invention proposes to modify past coated abrasive articles, such as sandpaper, abrasive belts, abrasive discs, etc., by changing the binder or coating whereby the abrasive grains are bonded by a vinyl resin or mixture of vinyl resins.

The references relied upon are as follows: Graft 1,217,593 Feb. 27, 1927; Klatte et al. 1,241,738 Oct. 2, 1917; Power 1,615,231 Jan. 25, 1927; Carlton 1,736,964 Nov. 26, 1929; Robie 2,111,006 Mar. 15, 1938.

The examiner rejected both claims as being fully met by the patent to Robie, but that rejection was overruled by the board. The examiner further rejected both claims as presenting nothing patentable over any one of the patents of Graft, Power, or Carlton in view of the patent to Klatte et al. The board affirmed that holding. From that decision appellant has appealed to this court.

In its decision the board said:

"Claims 60, 61 and 62 are all rejected as presenting nothing patentable over any one of the patents of Graft, Power, or Carlton in view of the patent to Klatte et al. Each of the principal references describe an abrasive article comprising a support and a layer of abrasive grains and a binder. The binder in each case is made from a celluloid type of varnish. The patents describe the resulting articles as resistant to moisture and of a desired degree of flexibility. The patent to Klatte et al. describes polymerized vinyl chloride and polymerized vinyl acetate and polymerized mixtures of a vinyl halide and a vinyl ester. The resulting polymers are describ-

ed as excellent substitutes for celluloid * * *. Example 3 states that a polymerized vinyl chlor-acetate may be used to produce films of a celluloid-like nature. The example further teaches that the polymerization product may be used with a solvent for coating, painting, or impregnating purposes."

Appellant does not question the correctness of the description given in the above quotation pertaining to the cited references. Therefore it is not necessary to discuss them in further detail.

Appellant does contend that "the man skilled in the art could not have been expected, as a matter of *obviousness*, to replace the binders or bonds of any one of the patents to Graft, Power or Carlton with any composition disclosed in the Klatte et al. patent," and he places great reliance on a holding of the Circuit Court of Appeals for the Third Circuit, cited below, that there are "hundreds" of vinyl polymers and that to determine whether some or any of them "would be useful as a bond or a binder for abrasive material" is something which "would require even a person skilled in the art to embark on many experiments in a comparatively little known field of organic chemistry," and cites Minnesota Mining & Manufacturing Company et al. v. Carborundum Company et al., D. C.D.Del.1945, 59 F.Supp. 709, and Minnesota Mining & Manufacturing Company et al. v. Carborundum Company et al., 3 Cir.,1945, 155 F.2d 746, 747.

In those cases, the primary issue was that of priority, and an analysis of the cases shows that judgment turned upon the ancillary question as to whether Oakes could support the patented claims in his parent application. In the first of the above cited cases, the court held that Oakes was entitled to priority of invention. That decision was appealed to the Circuit Court of Appeals for the Third Circuit, which court reversed the judgment of the District Court and upheld the decision of the Patent Office, which held "that Oakes by his 1931 application could not 'disclose a small number of chemical agents, state that they fall in a certain genus and later claim specifically a previously unnamed unspecified member of that genus which somebody else has found to possess desirable qualities.', and that Oakes' general monomeric and polymeric formulas * * * could not be deemed to include polyvinyl alcohol." The court said: "Oakes' specification will read upon those claims of Robie which appropriate a binder comprised of a polymerized vinyl compound. This will avail Oakes little, however, for it will be observed that, with the exception of the four monomers enumerated in the third paragraph of the quotation from Oakes' application, the description of the products to be employed as binders is couched in the most general terms and would include many, indeed hundreds, of chemical substances, some of which might serve as a binder for abrasive materials for sandpaper but many of which could not be thus employed. * * * Any claim based upon Oakes' specification unless it limits the bond to one or more of the polymers named in the third paragraph quoted from the specification, vinyl chloride, vinyl acetate, B-chlor-propylene, or styrene, would be invalid under R.S. § 4888 [35 U.S.C.A. § 33]. In re Collins, 75 F.2d 1000, 22 C.C. P.A., Patents, 1053; In re Mraz, 36 App. D.C. 435. This becomes clear when one realizes that to determine which compounds, disclosed by Oakes (other than those specifically named), would be useful as a bond or a binder for the abrasive material of sandpaper out of the very large group designated in Oakes' application, would require even a person skilled in the art to embark on many experiments in a comparatively little known field of organic chemistry."

In the instant case there is no problem of dealing with "hundreds" of compounds nor is there any problem of experimentation involved. The patent to Klatte et al. specifically discloses two compounds, polymerized vinyl chloride and polymerized vinyl acetate, which are recited in appellant's claims, thereby to meet the binder requirements of those claims. In re Langdon, 77 F.2d 920, 22 C.C.P.A., Patents, 1245; In

re Ayres, 83 F.2d 297, 23 C.C.P.A., Patents, 1118.

The Court of Appeals for the Third Circuit in its decision cited supra further said: "It will be observed that after describing in a very general way in his specification the polymerized products to be employed, Oakes names four monomers beginning with vinyl chloride and ending with styrene. Since Oakes has named them, *assuming a favorable state of the prior art,* we entertain no doubt but that he would be entitled to claim them." [Italics added.]

It will be noted that the above statement by the court was based upon the *assumption* of a *favorable state of the prior art.* From the record before us in the instant case, we cannot say that the state of the prior art is "favorable."

█ Appellant contends that the claims here involved "are more restricted than certain of the claims granted to Robie on his later application,. especially claims 2 and 7 of Robie," and in support of that contention cites the district court decision, supra, 59 F.Supp. at page 711, and the court of appeals decision, supra, 155 F.2d at pages 749, 750. We do not find, however, any such holding in those cases, and claim 7 of the Robie application, by agreement of counsel before that trial, was "dropped" from consideration by the district court. It is well settled that in determining the patentability of rejected claims, such claims may not properly be measured by allowed claims. In re Heritage, 153 F.2d 111, 33 C. C.P.A., Patents, 783.

In his brief, appellant states: "The main issue of this appeal may therefore be stated as follows: Prior to the time that Oakes filed his parent application in August 1931, should one skilled in the art have been expected, as a matter of *obviousness,* to replace the binder composition of some of the cited patents to Graft,. Power· or Carlton with some one of the compositions disclosed in the Klatte et al. patent?"

As previously stated by the board, supra, "Each of the principal references describe an abrasive article comprising a support and a layer of abrasive grains and a binder. The binder in each case is made from a celluloid type of varnish. The patents describe the resulting articles as resistant to moisture and of a desired degree of flexibility. The patent to Klatte et al. describes polymerized vinyl chloride and polymerized vinyl acetate and polymerized mixtures of a vinyl halide and a vinyl ester. The resulting polymers are described as excellent substitutes for celluloid * * *. Example 3 states that a polymerized vinyl chlor-acetate may be used to produce films of a celluloid-like nature. The example further teaches that the polymerization product may be used with a solvent for coating, painting, or impregnating purposes."

Both the examiner and the board held that there is no invention in substituting Klatte et al.'s vinyl compound polymers in place of the celluloid type of binder used by Graft, Power, or Carlton.

██ We have carefully examined appellant's brief as well as the entire record, and we think it would be obvious for any one skilled in the art to replace the binder composition of either Graft, Power, or Carlton with some one of the compositions disclosed in the Klatte et al. patent. In re Walters, 168 F.2d 79, 35 C.C.P.A., Patents, 1160, and cases cited therein, state the general rule that in the absence of any unexpected result, the substitution of one material for another is not a matter of invention.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, HATFIELD. J., did not sit at the argument of this case, and did not participate in the decision.