Johnson, Chief Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office, rejecting as unpatentable over the prior art claims 1, 2, 8, 9 and 11 of appellant’s application for a patent for “Improvements in Valves.”
The board refused to sustain the rejection of the Primary Examiner on the basis of the references cited but, under the provisions of Eule 196 (b), Eules of Practice, United States Patent Office (September 1955), applied two additional references and, at the same time, withdrew one of the references upon which the examiner relied. The claims in question were then rejected by the board as unpatentable over a new combination of references, hereinafter described.
The board granted appellant’s request for reconsideration of its *728 action, pursuant to the provisions of Rule 196 (b), supra, but adhered to its original decision.
Appellant’s appeal to this tribunal is restricted solely to the board’s rejection of the appealed claims as unpatentable over the references applied by the board.
Appellant’s alleged invention relates to a gate or valve structure for opening and closing the upstream end of a passage for the flow of liquid through a dam or the like, which gate comprises a mat-like element of rubber, or other flexible material, in which spaced, transverse, rigid bars are sealed, thereby imparting transverse stiffness while permitting flexing of the gate in a longitudinal direction. The mat may be reinforced by means of fabric or cords embedded therein and extending longitudinally thereof. The passage covered by the gate may be opened by “peeling” the gate longitudinally therefrom. No device for “peeling” the mat from over the passage is claimed, but appellant’s specification indicates that this may be effected by means of a cord or rod attached to the lowermost portion of the mat.
Claim 9, which is representative of the appealed claims, reads as follows:
9. A gate for opening and closing the inlet to a passage for the flow of liquid through a wall or the like; said gate comprising a mat-like element of a size adapted to form a closure for said inlet when laid thereover and formed of an integral sheet of moldable, flexible, liquid-impervious material having a plurality of spaced, rigid, reinforcing bars extending transversely substantially entirely across said element, and flexible reinforcing material extending longitudinally of said element; said bars and reinforcing material being sealed within said mat-like element to prevent contact of said liquid therewith whereby said element is rendered substantially inflexible in a transverse direction but flexible in a longitudinal direction and, when laid over said inlet may be progressively peeled longitudinally therefrom to effect an opening of said inlet.
The references relied upon by the board are:
White et al., 57,233, Aug. 14, 1866
Chastain, 1,256,772, Feb. 19, 1918
Leslie, 2,595,087, Apr. 29, 1952
The Chastain patent, insofar as pertinent, relates to a dam for irrigation ditches, which dam has a passage therein which is covered by a gate or valve similar to that of appellant. The gate is a mat-like structure, made of canvas and provided with transversely disposed and vertically spaced rigid metal bars which are clamped to the canvas at opposite ends thereof. The bars impart rigity in a transverse direction, enabling the gate to withstand the water pressure, yet are so spaced as to impart flexibility to the gate in a longitudinal direction so that the gate may be raised from the passage in a curtain-like manner.
*729 The White et al. patent relates to a fabric which is designed to be formed into tubes to be used with drills for boring Artesian wells. The fabric is comprised interiorly of threads of fibrous material and wires interwoven and coated with a waterproof material such as rubber. The interior structure is sandwiched between two thin sheets of rubber or like material. The wires are utilized to impart strength to tubes formed from the fabric so that they will support not only the weight of the drill but, as well, a column of water which is raised through said tube.
The Leslie patent, insofar as pertinent, relates to a load retaining door for use in railway cars or the like for closing doorways to bulk-load occupied spaces. The door comprises transversely extending, spaced, metallic ribbons which are interposed between two sheets of paper to whose inner surfaces an asphalt adhesive has been applied. The ribbons are used both to reinforce the door as well as to serve as means through which nails or the like may be driven to firmly attach the door to doorway posts.
The Board of Appeals rejected claims 1, 8 and 11, as unpatentable over Chastain in view of either White et al. or Leslie, stating that except for the use of a moldable, water-impervious, flexible material which completely encloses the transversely extending reinforcing bars, appellant’s structure does not differ from that of Chastain. It was of the opinion that to substitute the laminated material of either White et al. or Leslie for the canvas curtain and transverse reinforcing bars of Chastain would not amount to more than skill in the art. The board stated that the use of asphalt adhesive rendered the Leslie structure the equivalent of appellant’s moldable and water-impervious material. The board further stated that to vary the rigidity of the reinforcing bars in the White et al. or Leslie structures to avoid flexure under the pressures involved in the anticipated use would amount to no more than routine engineering, It considered it “* * * obvious in a valve, such as appellant’s, that the marginal portions should be coplanar * * * to provide a watertight fit.”
Claims 2 and 9 were rejected by the board substantially for the foregoing reasons on Chastain in view of White et al., the latter of which teaches the use of rubber as a protective material as well as the employment of longitudinal reinforcement in the form of threads of fibrous material.
Appellant’s arguments may be reduced to four main contentions:
1. That the relatively flexible reinforcing bars of both White et al. and Leslie would be inadequate to withstand the pressure to which they would be subjected when the mats which contained them were used as closures for dam passages and secured to the dams, as is appellant’s, only at a point above the passages;
*730 2. That in order to use the fabric of either Leslie or White et ah, in the form of a gate, it would be necessary to cut the fabric transversely of the reinforcing bars to the required length, which cutting would expose the end portions of said bars (appellant’s bars are completely enclosed);
3. That the fabrics of both Leslie and White et al. are laminated, whereas appellant’s mat-like element is formed of an integral mass of moldable, liquid-impervious material;
4. That if rigid bars were used in the White et al. or Leslie fabrics, said fabrics could not be manufactured as disclosed.
Notwithstanding the foregoing arguments advanced by appellant, we are of the opinion that the decision of the Board of Appeals is correct.
The first two of appellant’s arguments appear to be based upon the assumption that to negative patentability where two or more prior art references are combined, it is necessary that the teachings of the secondary references be bodily incorporated into those of the primary reference. We cannot assent to such a proposition, for it can be sustained neither upon reason nor precedent. It is essential, however, that a skilled artisan, having the teachings of the references before him, be able, without the use of the inventive faculty, to produce the subject matter of the alleged invention. In re Twomey, 42 C. C. P. A. (Patents) 742, 218 F. 2d 593, 104 USPQ 273.
Thus, in the rejection of the appealed claims over the combination of the Chastain and White et al. references, there is no requirement that the structure of the latter reference be bodily substituted for the entire structure of Chastain. What is especially significant in the teachings of White et al. is the concept therein involved, viz — the use of liquid-impervious material to retain a fluid body, and the employment of metal strips to reinforce said material. The broad problem to which the White et al. structure is addressed is so similar to that involved in the Chastain structure as to suggest to a skilled artisan the employment of a sandwich of liquid-impervious material about the rigid reinforcing bars of the gate structure of the latter, if, in fact, it were desired to employ such an arrangement.
Upon the same reasoning we are constrained to reject appellant’s contention that it would be necessary to cut the White et al. fabric transversely of the reinforcing bars to the required length, which cutting would result in exposed portions of said bars, were it desired to use said fabric to form a gate. It appears obvious to this court that one going to the trouble of covering the rigid bars of Chastain with liquid-impervious material would logically insure the complete covering of the rigid metal bars by sealing the portion of said mate *731 rial about the ends of tbe bars. Such provision would not rise to the level of patentable invention.
We are not unmindful of the fact that to apply the teachings of the White et al. patent to those of Chastain would, at best, result in a structure whose outer, liquid-impervious covering is laminated, whereas appealed claims 1, 2 and 8 call for a “moldable” material and 9 and 11 for an “integral mass of moldable” material. We are of the opinion that the substitution of an integral mass of moldable material for the laminated material of White et al. is of no patentable moment. We are not aware of new and unexpected results which would accrue from such a substitution. In the absence of such a showing, we must conclude that appellant’s modification is not inventive. In re Walters, 85 C. C. P. A. (Patents) 1160, 169 F. 2d 79, 77 USPQ 609.
Appellant’s contention that, if rigid bars were used in the White et al. fabric, the fabric could not be manufactured as disclosed, is tenuous and without merit. Such an argument presupposes the necessity of incorporating bodily the teachings of a secondary reference into those of a primary reference to negative patentability. That such is not the law has been heretofore discussed at length.
The patentable significance of other elements recited in the appealed claims has been adequately discussed by the board. We find it unnecessary to elaborate on the board’s reasoning and conclusions concerning these elements.
In the view we have taken of this case, it is unnecessary to consider the applicability of the Leslie patent.
For the foregoing reasons, the decision of the Board of Appeals is affirmed.
Jackson, J., Retired, recalled to participate herein in place of Core, J., absent because of illness.
O’Connell, J., was present at the argument of this case but, because of illness, did not participate in the decision.