Application of Elijah Charles
CHAMBLEE.
Patent Appeal No. 7670.

United States Court of Customs
and Patent Appeals.

Nov. 17, 1966.

J. Vincent Martin, Joe E. Edwards, Houston, Tex. (Carl T. Mack, Washington, D. C., of counsel), for appellant.

J. Schimmel, Washington, D. C. (L. F. Parker, Washington, D. C., of counsel), for the Commissioner of Patents.

---

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

ALMOND, Judge.

Appellant Chamblee appeals from the decision of the Patent Office Board of Appeals affirming rejection of claims 1 to 7 inclusive, of his application[1] entitled "Pipe Hanger Assemblies and Methods of Running and Removing Multiple Strings in Well Bores." Claims 8 to 11, directed to a method of running a plurality of well pipe strings and packers into a well bore, were allowed by the examiner.

The application drawings, reproduced below, disclose a centrally apertured base A comprising two semi-circular sections 10, 11 connected by hinge 10a to provide a tapered aperture 17 into which is inserted a split hanger assembly unit B having three segments 18, 19, and 20 recessed at 18a, b; 19a, b, and 20a, b (Fig 3), to form three openings 23, 24 and 25. Assembly B has a plurality of string gripping slip elements C disposed in openings 23, 24, 25. The slip elements C are composed of segmental members 28 (Fig. 4) hinged together and arranged to be opened by means of a handle 27.

Fig. 1

1. Serial No. 787,511, filed January 19, 1959.

Fig. 3

Fig. 4

Claim 1 is illustrative:

1. A well pipe hanger device including, an annular base positioned at the upper end of a well bore and having an opening therein which is at least as large as the well bore within which a plurality of well pipes are to be suspended, a sectional hanger assembly adapted to be seated within the opening in said base, said hanger assembly having at least two openings extending therethrough with each opening being formed by complementary recesses formed in the contiguous walls of adjacent sections, whereby the hanger sections may be placed in or removed from the base while one or more well pipes are extending downwardly through the opening in said base, and pipe supporting means removably mounted in each of the openings and being completely removable from each opening without removal of the sectional hanger assembly, said last named means supporting the well pipe on the sections of said hanger assembly.

An analysis of the remainder of the appealed claims reveals that claim 2 is limited to the basic structure. Claim 3 depends on claim 1 and provides for the annular base construction of two semicircular parts hinged to each other. Claim 4 depends on claim 2 and calls for each opening to be formed with an inclined seating surface with the suspension means comprising a slip element.

Claim 5 calls for an arrangement with a hanger assembly comprising a trio of sections with at least a trio of openings extending therethrough. Claims 6 and 7 depend on claim 5 wherein the supporting means are designated as "slips" with claim 7 defining the inclined complementary surfaces of the hanger assembly openings and the slips.

The references relied upon are:

Hanna 1,502,628 July 22, 1924
Brenner 2,768,007 October 23, 1956

Hanna discloses a hinged spider placed about a pipe casing for suspending same in a well bore. The spider comprises an outer ring or body, a liner and a plurality of slip members or grips. The outer ring or body consists of two half sections connected together hinge fashion by means of a hinge pin. Each half section has a downwardly and inwardly tapered depression formed therein to present a tapered bore when the sections are closed about a pipe casing. The bore receives a similarly tapered liner made up of two substantially half sections. The tapered liner is removable. The bore with the tapered liner inserted therein in turn receives the gripping elements or slips. The slips are serrated on their interior surfaces to grip the pipe.

Brenner discloses a pipe hanger assembly comprising two identical semicylindrical sections with complementary semicylindrical cavities which, when joined, form a pair of cylindrical pipe receiving apertures. The patent also discloses an adapter bushing consisting of two complementary sections which may be removably placed in each of the apertures to hold smaller pipes when the sections are brought together.

The Brenner specification states:

While all of the embodiments of casing heads * * * are shown to comprise semi-circular sections * * * complementary to each other to form a substantially circular casing head or cap, it is to be understood that, particularly if more than two pipes are to be accommodated for example, the cas-

ing head 20 may be formed of more than two segmental sections and appropriate bolt means may be provided to clamp said sections into a unitary assembly.

The board rejected the appealed claims as being unpatentable over Hanna in view of the Brenner reference, under 35 U.S.C. § 103.

It seems clear to us that the structure shown in Hanna answers to all of the limitations in the appealed claims except that which calls for at least two openings in the hanger assembly and that which calls for a trio of sections and a trio of openings. Applying the language of the appealed claims, Hanna discloses a well pipe hanger device which includes an annular base 10 corresponding to A in appellant's device. The device is positioned at the upper end of a well bore with an opening therethrough in correspondence to bore 17 in appellant's structure. Hanna portrays a sectional hanger assembly (liner 23) similar to B in appellant's device. The assembly has a single inclined opening therethrough formed by the walls of the adjacent half sections, which sections may be removed from the base permitting extension of a well pipe downwardly through the base opening or ring bore. The patentee further discloses pipe supporting means or slip elements 25 corresponding to C in appellant's drawings. The slip elements, like appellant's device, have an outer inclined face and teeth formed on their inner surfaces and are removably mounted in the opening of the hanger assembly, i. e. liner 23 of Hanna.

We are in agreement with the observation of the board that:

While Hanna shows a pipe supporting assembly having only one opening extending therethrough, it is the Examiner's position that since Brenner shows a pipe supporting assembly having either one or two openings therethrough and states in column 8, line 16 et seq. that if more than two pipes are to be accommodated, the casing head may be formed of more than two

segmental sections, it would be obvious to a person skilled in the art to provide the Hanna device with more than one opening.

It seems clear to us that Brenner teaches the forming of additional pipe supporting openings in the member which supports the slips. Brenner further suggests dividing the slip supporting member into a trio of parts. One skilled in the art, with the suggestions of Brenner before him, who desired to modify the Hanna structure to support a trio of pipe strings would naturally provide the additional openings in the hanger assembly which supports the slips, forming the same of a trio of parts.

Appellant argues in substance that the combination of references relied on would not produce the structure recited in the claims. He reasons that if the Brenner three-segment body is placed within Hanna's outer body, this would constitute such a major redesign as would completely destroy the Brenner clamp and render it a different device. We do not understand the proposed combination of references to involve the direct substitution of parts of one reference for those of the other.

The board applied the teaching of Brenner to the Hanna primary reference, which would result in the construction of a hanger assembly of more than two segments to support more than one pipe. As hereinabove noted, but for the fact that the Hanna hanger assembly (liner 23) supports only a single pipe and is composed of only two segments, each of the limitations of the appealed claims reads on that patent. The adaptation of Hanna for a plurality of pipes would be clearly obvious to one skilled in the art from Brenner's suggestion to increase the number of openings and the number of segments in that hanger assembly. In this connection the board on reconsideration stated, we think correctly, that:

It was intended in our decision that if the liners 23 in Hanna * * * were made in three segmental sections, as suggested in * * * Brenner, * * * the gripping elements or slips 25 in Hanna would support the remaining two pipes if one of the pipes were removed.

As this court stated in In re Soderquist, 326 F.2d 1016, 51 CCPA 969:

It is not necessary in a combination rejection that the structure of one reference be substituted bodily in that of the reference with which it is combined. In re Billingsley, 279 F.2d 689, 47 CCPA 1108; In re Mason, 240 F.2d 362, 44 CCPA 727. Rather, the question is whether what applicant has done would be obvious from the references in combination. * * *

We have considered appellant's contention that the board erred in not recognizing Brenner merely as a frictional pipe clamp and nothing more, and in assuming that if Brenner made his body in three sections to clamp three pipes, the remaining two sections would be capable of supporting a pipe if one section were removed.

Suffice it to say, appellant's pipe hanger operates in the same way. The adapter bushings in Brenner are inserted in the openings thus engaging the pipe to support same. Brenner states that "appropriate bolt means may be provided to clamp said sections into a unitary assembly." Certainly one skilled in the art, even absent Brenner's suggestion, would supply reinforcement where obviously needed.

We note appellant's assertion that the board was not in agreement with the examiner as to the obviousness rejection on Hanna in view of Brenner by reason of the fact that it previously remanded the application for a further search and consideration of another patent as a potential reference. However, we are concerned here only with the prior art actually relied on by the board to support its rejection of the appealed claims.

For the reasons stated, we find no reversible error in the decision of the

board that the claimed subject matter is obvious in view of the prior art.

The decision of the board is affirmed.

Affirmed.

MARTIN, J., participated in the hearing of this case but died before a decision was reached.