Wokley, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1, 7, 8, 14, 36, 37, 38, 39, and 45 of appellants’ application, serial No. 619,110, for a patent on a fractionating column. Seven claims stand allowed.
Claims 1 and 7, which are representative of the appealed claims, are as follows:
1. In a liquid fractionating column: the combination with a distributor dividing a liquid stream into a plurality of lesser streams of predetermined constant volumetric relation, of a succession of fractionating plates having each a number of bubbling wells equal to the number of said lesser streams, each plate being impervious between wells to the passage of vapors and liquids, the bubbling wells being arranged on each of the plates with at least two bubbling wells lying on a straight line extending from the center of the plate to its periphery in each quadrant of the plate; each bubbling well having an area constituting a minor fraction of the area of a quadrant; and means for conducting each of said lesser streams through one well only of each plate in said succession in counterflow contact with vapor, the spaces between said plates being arranged to permit the intermingling of vapors passing upwardly there-through.
7. In a liquid fractionating column: means for dividing a liquid stream into a plurality of lesser streams of predetermined substantially constant volumetric relation; a vertical succession of fractionating plates having each a plurality of bubbling wells opening upwardly into a common vapor collecting space; the bubbling wells being arranged on each of the plates with at least two bubbling wells lying on a straight line extending from the center of the plate to its periphery in each quadrant of the plate; each bubbling well having an area constituting a minor fraction of the area of a quadrant; means for conducting each of said lesser streams into one of the wells in the uppermost plate in said succession; means for conducting the lesser liquid stream from each well in each plate except the lowermost in said succession into a single and different well in the plate next below; means located at a medial point in said vertical *744 succession for merging and intermixing said lesser streams, means supplied at least in part'with liquid by said merging means for redividing- said merged liquid to supply segregated liquid streams to the plates located therebelow,: and means for passing vapor upwardly through the bubbling wells in said plates and through said common vapor collecting spaces.
Appellants’ application discloses a fractionating column comprising an upper distributing section, an intermediate fractionating section, and a lower reboiling section. The reboiling section is said to be conventional and need not be further considered here. The distributing-section comprises a feed well which receives the liquid to be fractionated and distributes it through a plurality of perforations into a tray which is divided by radial partitions into a number of sections. The fractionating portion of the device comprises a number of horizontal partition membei's arranged one above the other and each including a number of so-called bubbling wells, the wells of each partition being arranged in vertical alignment with the corresponding wells of the other partitions. The specific construction of the bubbling wells is not involved here, but it is to be noted that they are so constructed as to cause vapor to pass into and bubble through the liquid contained in the wells. Each vertical series of wells is supplied with liquid from one section of the distributor tray and this liquid passes down in sequence from each well to the well below it. It is stated in the application that the arrangement shown is specially adapted for used on ships where the vertical positioning of the device might be subject to disturbance by movement of the ship.
The three references relied on by the board in affirming the Primary Examiner’s rejection of the involved claims are
Millard, 1,605,263, Nov. 2, 1926.
Collins, 2,051,545, Aug. 18, 1936.
Zimmerman, 2,394,133, Feb. 5, 1946.
The patent to Millard discloses a gas and liquid contact apparatus comprising a number of troughs containing liquid into which the gas is introduced and through which it is caused to bubble.
The reference principally relied on by the Patent Office tribunals is the patent to Collins which discloses a gas and liquid contact apparatus including an upper distributing head and a fractionating device comprising a plurality of vertically spaced horizontal plates. Each of those plates is provided with a number of devices which, while not corresponding specifically to the bubbling wells of appellants’ device, perform the same general function of effecting an intimate contact between the gas and liquid. Those devices are positioned in the plates in the same general manner as appellants’ bubbling wells *745 and they receive liquid separately from, the distributing head and pass it down in vertical sequence in the same manner as the said wells.
It was the opinion of the examiner and the board that Millard’s troughs correspond to the bubbling wells recited in the appealed claims. Appellants take exception to that holding, relying on the fact that Millard’s troughs are interconnected and do not form separate units in the same manner as appellants’ wells. [1] It is well settled, however, that the claims of an application must be given the broadest interpretation which they will reasonably support and that such claims cannot properly be rendered patentable by reading into them limitations which, although appearing in the specification, are not set out in the claims. In re Cresswell, 38 C. C. P. A. (Patents) 917, 187 F. (2d) 632, 89 USPQ 147, and authorities therein cited. We are of the opinion that the term “bubbling well” as used in the appealed claims does not define anything different from what is shown by Millard and that the holding of the Patent Office tribunals in that respect was correct.
Claims 1, 14, 36, 37, 39, and 45 were held unpatentable by the examiner and the board on the ground that there would be no invention in replacing the gas and liquid contacting units of the Collins patent by bubbling wells, in view of the Millard disclosure. We have carefully considered the arguments advanced by the appellants but are of the opinion that that holding was also correct. Since bubbling wells are old and are known to perform the same basic function as the contacting devices of Collins, the substitution proposed by the board represents merely replacement of one equivalent device by another.
It is urged by the appellants that Millard’s wells could not be physically substituted for the contacting devices of Collins. However, it is not necessary that such a substitution be possible. It is essential only that a person skilled in the art, having the teachings of the references before him, should be able, without invention, to produce the structure recited by the claim. In re Ewald, 26 C. C. P. A. (Patents) 1312,104 F. (2d) 622, 42 USPQ 35. In the present case, it is believed that the proposed modification could be made without the exercise of invention.
Appellants also emphasize the fact that their device is especially adapted for use on ships, whereas the reference patents do not indicate that their devices are so adapted. However, the claims are silent as to any such use and, since they are directed to structure, they cannot properly be allowed unless they include structural limitations defining invention over the prior art. In re Stattman, 32 C. C. P. A. (Patents) 813, 146 F. (2d) 290, 64 USPQ 245. For the reasons indicated, we are of the opinion that such structural limita *746 tions are not present in claims 1, 14, 36, 37, 39, and 45 and that those claims were, therefore, properly rejected.
Claims 7 and 8, in addition to limitations similar to those contained in the claims just discussed, call for a means intermediate the ends of the fractionating column for merging and redistributing the streams of liquid. While such an arrangement per se is shown in the patent to Zimmerman, it is thought that the addition of this feature to the other elements claimed results in an improved unitary device which we think should be regarded as inventive. At any rate, we resolve any doubt on that score in favor of appellants.
Claim 38 adds to claim 36, which as above indicated we consider to be unpatentable, a broad recitation of means “for merging at least some of the streams of liquid after each of these streams has passed through a plurality of pools.” While that language is apparently directed toward the same feature which is included in claims 7 and 8, it is considered too broad to render claim 38 patentable. The mere merging of some undisclosed number of streams at an unspecified point and without redistribution is not considered to involve patentable novelty.
For the reasons hereinbefore stated, the decision of the Board of Appeals is modified, being affwmed as to claims 1, 14, 36, 37, 38, 39, and 45, and reversed as to claims 7 and 8.[1]
Johnson, J., dissents as to the reversal of claims 7 and 8.
On account of illness, Garrett, Chief Judge, did not participate in the hearing or decision of this case.

 The Initial argument in this case was heard March 3, 1954. A reargument at the suggestion of the court, prior to its decision herein, was held on November 8, 1954.