Cole, Judge,
delivered the opinion of the court:
This case involves the patentability of certain claims of an application (Serial No. 109,130, filed August 8,1949) directed to a “combination screen and storm door.” Eight claims are involved in this appeal from the Board of Appeals of the United States Patent Office, which affirmed the Primary Examiner’s rejection. Four claims have been allowed by the tribunals below, thereby recognizing, according to appellant, “the presence of inventive subject matter in the application.” Appellant’s brief states, “This appeal is taken because the allowed claims are believed unduly restricted in the light of the prior art; and appellant seeks allowance of. broader claims commensurate with the scope of his invention and contribution to the art to which'it relates, so that others may not evade.his patent while adopting the heart of the present invention in its broader aspects.”
As described in the specification, appellant’s combination door is of the general type used as outer doors on dwelling places. In summer the door has a large screen portion, Which permits ventilation, while keeping out insects. In winter the screen portion is replaced by a glassed portion, which aids in the insulation of the dwelling, by keeping a dead air blanket between the outer and inner door. In the exemplification of this type of door- in general use, the screen section and the glass section are separate units, which may be interchangeably installed upon the door frame by .the adjustment of a few screws or toggles. The unused section must be stored elsewhere. A modification of this design is described in appellant’s brief as “a ‘double-hung’ type in which the opening of the door frame is divided into two half sections and a separate window or screen unit is independently hung in each half. * * * Thus, such doors' may be all screen door, .or all storm door, or half screen and half window. No other variation is possible. The two unused units must be stored in some place like a garage, shed or basement where they are frequently damaged or broken.”
The door described in appellant’s application (of which an impressive demonstration was made at oral argument) has two (or *839 more) sections for both the window unit and the screen unit. These sections are mounted on tracks which extend down out of sight into a lower portion of the door described as a “storage compartment.” By the simple expedient of sliding the window units up from the ■ storage compartment, and sliding the screen units down, the screen door is changed into a storm door. With equal facility, the storm door can be changed into a screen door, or, if desired, the door may be made half-window and half-screen.
Although the appealed claims differ considerably in scope, no distinction has been made between them either by appellant or by the Patent Office, and it seems to be agreed that they stand or fall together. Claim 10 was cited by the board as illustrative, and appellant having accepted this claim as illustrative in his brief, it is reproduced herewith as follows:
10. In a door having an opening therein longer than one-half its length, a track means secured in said door; said track means composed of at least two parallel adjacent spaced apart guiding portions, a storage compartment adjacent to said opening, a plurality of transparent windows adapted to selectively reside in said storage compartment and said door opening moving directly from one to the other by sliding movement on one of said track guide portions, and a plurality of screen windows adapted to selectively reside in said storage compartment and said door opening moving directly from one to the other by sliding movement on the other of said track guide portions.
. The following references were relied on by the Patent Office:
Wendelken, 1,238,704, Aug. 28,1917.
Lunken, 1,326,676, Dec. 30,1919.
Carter, 2,540,864, Feb. 6, 1951.
The Carter patent was selected as the basic reference, and the claims were rejected as unpatentable-over. Carter in view of Lunken or Wendelken. Carter shows a convertible screen and storm door of the general type hereinbefore discussed, which has four removable half sections, two of which are screen sections and two of which are window sections. In addition thereto, Carter also shows a storage compartment in the bottom of the door, in which are placed the two unused sections. To change from screen door to storm door, it is necessary to unscrew a securing plate, remove the screen sections from the frame of the door, withdraw the storm sections from the storage compartment, place the screen sections within the storage compartment, insert the storm sections in .the frame, and replace the securing plate. The storm windows will then rest upon the top of the screen windows now in the storage compartment (or vice versa when the door is screened). Since appellant’s specification recognizes that combination screen and storm doors are old, the principal value of the Carter reference clearly is to show the concept of a storage compartment in the door itself.
*840 The Wendelken.reference shows a window construction (as distinguished from.a door construction) in which there.are four permanently installed half-window sections or sashes^-two louvered,: and two' ■glassed — and a fixed screen. The four sashes-.are permanently installed oh separate tracks or guides and are equipped with the-usual .pulley stiles, sash weights, ropes, and pulleys which are typical of -the usual window construction in common use in houses. The Weii-delken construction differs from, the ordinary window construction -(in addition to having more than two sash units) in that the tracks ■or guides extend down into a “sash pocket” which is analogous-to the “storage compartment” of appellant’s construction. The following •statement is made in the Wendelken patent:
The sashes are so proportioned in relation to the window opening and the sash pocket, that each sash when up will cover substantially half the area of the window opening and when all the way down will fit entirely within the sash pocket and below the sill beams. Thus any one sash or combination of sashes ' may be raised into the desired place in the window opening and the remaining sashes lowered into the sash pocket. * * * [Diagram references have been omitted.]
Thus, the Wendelken patent shows the concept — in a window construction — of having window units slide on tracks which extend down into a compartment or pocket in which the unused window units are stored until needed.
The Lunken reference is less pertinent than the Wendelken reference, and shows a storage compartment in the top of the window opening into which the sash guides extend so as to receive the sashes when not in use. The Lunken reference is also for a window, as distinguished from a door, construction.
Referring now to the appealed claims, and particularly to claim 10 quoted supra, we find that the common thread running through all of them is the concept of having a door with a plurality of screen windows and a plurality of transparent windows, which are adapted to slide selectively from the door opening to a storage compartment below the opening. The Carter reference shows a door with an opening and an adjacent storage compartment, and the other references show a plurality of window units adapted to slide selectively between the window opening and an adjacent storage compartment. In this situation, the only question is whether it is proper to combine the references.
We have been impressed by the obvious advantages which appellant’s construction has over the Carter door, but we find ourselves unable to believe that door construction and window construction are not sufficiently analagous so that it would not have been “obvious,” as that term is used in patent law, to one skilled in the art to adapt *841 the extended track and storage compartment of Wendelben’s or Lunken’s window to Carter’s door.
Appellant argues that the hypothetical combination of Carter in view of Lnnken or Wendelken requires extensive modification of the individual features of each of them, and states that this is not permissible, citing In re Pappas et al., 38 C. C. P. A. (Patents) 746, 758, 185 F. 2d 695, 88 USPQ 108. It is undeniably true that Carter does not suggest tracks extending between the door opening and the storage compartment so as to permit the window units to be selectively moved between the two, and it is also true that the cumbersome and bulky sash, pulley, and weight arrangement of the secondary window references would probably be unsuitable for a door such as described by Carter and appellant. However, the proper inquiry should not be limited to the specific structure shown by the references, .but should be into the concepts fairly contained therein, and the overriding question to be determined is whether those concepts would suggest to one skilled in the art the modification called for by the claims. In re Ewald, 26 C. C. P. A. (Patents) 1312, 104 F. 2d 622, 42 USPQ 35. In re Merkle, 32 C. C. P. A. (Patents) 1151, 150 F. 2d 445, 66 USPQ 165. Despite very able argument by counsel, we strongly believe that it would have been obvious to one skilled in the art, having before him Carter’s door with its storage compartment, and Wendelken’s and Lunken’s windows and adjacent and connecting storage compartments, to make the modifications necessary to combine them.
•'For the reasons hereinbefore stated, the decision of.the Board of Appeals is affirmed,.
Jaceson, J., retired, recalled to participate.