Hugh P. Carter, Birmingham, Ala., for appellant.

Joseph Schimmel, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.\*

54 CCPA

**Application of George P. COCHRAN.**
**Patent Appeal No. 7792.**

United States Court of Customs and Patent Appeals.

April 6, 1967.

ALMOND, Judge.

This is an appeal from the decision of the Board of Appeals affirming the rejections on prior art of claims 2, 4, 5, 11 and 12 of appellant's application [1] for "Weeder." No claim was allowed.

The application states that the object of the claimed invention is to provide a weeder operable with a minimum of effort and without excessive damage to the soil, the prongs or tines of which are inserted into the ground adjacent a weed, with foot operable means to eject and throw the weed upwardly and forwardly, thus eliminating the necessity of manually removing the device from the ground to separate the ejected weed therefrom.

---

\* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 198,060, filed May 28, 1962.

Appellant's device is readily understandable from a reading of claim 11 in association with the application drawings, the latter being reproduced below.

We adopt the rendition of claim 11 as set out in the Solicitor's brief with the addition of the specification reference numerals. Thus, claim 11 reads as follows:

11. A weeder comprising:

(a) an elongated upstanding body (10) having an operating handle (11) adjacent the upper end thereof,

(b) a ground engaging support member (12 or 13) carried by the lower end of said elongated body and adapted to make a shallow penetration of the ground rearwardly of a weed to be removed,

(c) a lever (16) pivotally supported intermediate its ends by said elongated body and having a depending leg (18) and an outwardly projecting leg (19) with the lower end of said depending leg being movable from a substantially vertical position adjacent the surface of the ground to an outward and forward position a substantial distance above the surface of the ground

(d) a relatively narrow ground engaging member (18a) carried by the lower end of said depending leg and adapted to make a shallow penetration of the ground adjacent and rearwardly of a weed (26) to

be removed, said depending leg being of a length to eject said weed from the ground upon movement of said narrow ground engaging member forwardly and upwardly,

(e) and a foot engaging portion (21) on said outwardly projecting leg in position to [be] engaged by a foot of an operator to move said depending leg and said narrow ground engaging member forwardly and upwardly a substantial distance above the ground to thereby eject said weed forwardly and upwardly with a minimum of ground removal.

Claims 2, 4, 5 and 12 are directly dependent on claim 11. Claim 2 recites "tension means" (spring 22) for holding the lever (16) in operating position. The narrow ground engaging member (18a) is defined in claim 4 as comprising "a plurality of tine-like members" (32 in Fig. 6). Claim 5 recites that the lower end of the narrow ground engaging member (18a) "tapers forwardly to define a pointed lower end." Claim 12 recites that the lower end of the elongated body member (10) is "bifurcated" and lever (16) is "mounted for pivotal movement within said bifurcated lower end."

The references are:

| | | | |
|---|---|---|---|
| Konietzko | (German) | 325,511 | September 24, 1919 |
| Sadler | | 1,919,396 | July 25, 1933 |

---

The Konietzko disclosure is adequately represented by the single claim therein compared with the drawings reproduced below. The claim reads as follows:

Spade, consisting of two outer tines and a middle section which is pedal-operated so that by stepping on the pedal the blade is pivoted upward while the two outer tines offer the necessary resistance, characterized in that when

the pedal (8) is operated, the spade blade (7) with its turning bolt (4) which is engaged in slots (3) of the fork tines, is first pressed downward between two guides (6) or an equivalent device in the plane of the fork (2) so that the pedal can be used for supporting the introduction of the spade into the ground and that only on further pressure upon the pedal (8) the pivot bolt (4) which is provided with

special nut heads (5) slides out of the guides (6) in downward direction so that the spade is released and can pivot upward.

Fig. 1.

Fig. 2.

Fig. 3.

The Sadler device is stated to be particularly useful for pulling weeds and roots from lawns and gardens, allowing the operator to remain in an erect and natural position without the necessity of stooping or kneeling during the operation. The Sadler drawings are depicted below:

FIG 1

FIG 2

FIG 3

Operation of the Sadler device compared with the drawings is disclosed as follows:

* * * hand lever 23, is pulled to the upper position, which brings movable fingers 20, into alignment with fixed fingers 16, and 17. The operator then pushes the fingers into the ground adjacent to the plant to be pulled [Fig. 3] * * *. Lever 23, is then pushed to the lower position which causes fingers 20 to revolve upwardly, which loosens the plant from the soil and grasps the plant between said fingers 20, and members 24, as illustrated in Figure 3. The plant is easily pulled by withdrawing the device from the ground and is carried to a suitable disposal place and released by returning lever 23, to the upward position. Soil which may cling to either the fixed or movable fingers is dislodged when the fingers are brought together in preparation for pulling another plant.

The examiner held claims 2, 5, 11 and 12 "to be structurally fully met by Konietzko." He compared the elements of these claims with comparable elements in the reference, and stated that, as to the recited structure, the claims are "directly readable on Konietzko." Additionally, the examiner rejected all five claims as "unpatentable over the combined teachings of Sadler and Konietzko." He noted that Sadler shows every feature recited in claims 11, 12, 4 and 5 except the foot engaging portion 21 on lever 16, and held that it would be obvious to exclude hand actuating means 22, 23 from Sadler, thus defining a structure capable of being foot actuated, and to provide the resulting device with a foot engaging member "in view of the clear teaching of Konietzko."

The examiner noted that claim 2 adds to claim 11 tension means to urge ground engaging member 18 of pivoted lever 16 toward ground engaging support member 12, 13, found this to be clearly shown in Konietzko, and held that it would be obvious to further modify Sadler accordingly. In view of Sadler, the examiner considered it obvious to provide the pivoted ground engaging member 7 of Konietzko with the "tine-like members" called for in claim 4.

The board found both grounds of rejection asserted by the examiner to be free of reversible error. With reference to the anticipation rejection factually predicated on Konietzko alone, the board noted that the broad recitation in base claim 11, viz. "a relatively narrow ground engaging member," is a relative phrase not distinguishing from member 7 of Konietzko which is narrow in relation to the sides 2 of the body or the area of ground in which it is used.

In considering the obviousness rejection factually based on a combination of the two references, the board preferred to rely on Sadler as the primary reference, agreed with the examiner that "appellant's main arguments are directed in essence to differences in intended use, rather than structure," and concluded that "such differences cannot support the grant of [an apparatus] patent."

The rejection of four of the claims as "structurally fully met by Konietzko" is legally predicated on 35 U.S.C. § 102(b) which provides, in material substance, that a patent shall be granted *unless* "the invention was patented or described in a printed publication * * * more than one year prior to the date of the application for patent in the United States."

The rejection of all five claims on the combination of Sadler and Konietzko presents the issue of whether or not "the differences between the [claimed] subject matter * * * and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill" in the relevant art. 35 U.S.C. § 103.

▮▮▮ We elect to consider first the issue arising under section 103. Appellant's arguments on this issue reside in the assertion of differences of structure and method of operation as between his device and those disclosed by the references. Such differences, however, are not sufficient to support patentability if

they "are such that the subject matter as a whole" would nevertheless be obvious to a person of ordinary skill in the art. We think that appellant's device is clearly obvious in light of the reference disclosures.

Appellant asserts that it would be tiresome for the operator to lift the Sadler device "along with the plant, roots and the soil * * * each time a plant is pulled." As has been noted, it is the function of element 24 in Sadler to cooperate with finger 20 to hold the pulled weed for lifting same to a disposal container. If it is desired merely to eject the weed onto the ground, it would be a simple and obvious expedient for one skilled in the art to eliminate element 24 and its holding function.

With reference to appellant's assertion that his weeder "is not forced into the ground as taught by Sadler," we find it difficult to understand how appellant's device could function as intended if not forced into the ground to a considerable depth to eject some weeds with long root stems. Appellant could not otherwise, as asserted, lift the weed without breaking the root stem and leaving the remainder to sprout again. Appellant deprecates the Konietzko device in that "it would remove considerable amounts of soil each time it is actuated." However, since Sadler discloses fingers for his device like the "tine-like members" (claim 4) of appellant's weeder, we are not persuaded that Sadler would remove any appreciably greater amount of soil than appellant's device. Nor do we find persuasive appellant's argument that, if the pedal 8 of Konietzko is added to Sadler, we would not have appellant's structure as defined in claim 11. As this court said in In re Mapelsden, 329 F.2d 321, 322, 51 CCPA 1123, 1126:

> The issue lies in what the combination of references makes obvious to the person of ordinary skill and not whether a feature of one reference can be bodily incorporated in the other to produce the subject matter claimed. In re Henley, 239 F.2d 399, 44 CCPA 701.

Upon consideration of the record, the briefs submitted, and the arguments of counsel, we are not persuaded of reversible error in the decision of the board sustaining the obviousness rejection of the appealed claims on a combination of the cited references, under the provisions of 35 U.S.C. § 103. Therefore, we do not reach the issue presented under the provisions of 35 U.S.C. § 102(b).

The decision of the board is affirmed.

Affirmed.