**Application of William G. VAN BECKUM, Ray P. Klass and Jorgen C. Gulliksen.**

**Patent Appeal No. 8467.**

United States Court of Customs and Patent Appeals.

March 11, 1971.

Edward B. Gregg, Gregg, Hendricson & Caplan, San Francisco, Cal., attorney of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Joseph F. Nakamura, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of claims 18 and 20 of appellants' application, entitled "Log Assembly," [1] as unpatentable under the provisions of 35 U.S.C. § 103. No claims were allowed. The remaining claims in the application are rejected

1. Serial No. 572,625 filed August 15, 1966.

**1002**

claims 16, 17, 19, 21 and 22. The appeal on these claims has been expressly withdrawn by appellants in their brief.

The application discloses an easily ignited assembly of cylindrical, artificial logs which may be used in fireplaces, camp or picnic fires. Each log is preferably formed from compressed wood waste, such as sawdust. Appellants refer to the artificial logs as "Pres-to-logs."

The preferred embodiments of the claimed invention are shown in Figs. 2 and 6, reproduced below:

FIG. 2.

[A3710]

FIG. 6.

Fig. 2 shows a rectangular log assembly comprising four logs 11 in parallel relation to each other and kept a short distance apart by wood spacers 12 and 13. These spacers form air circulating spaces between the individual logs. An ignitable lighter is inserted between the individual logs. The assembly is bound together by wires 17 and coated with a readily ignitable material, such as paraffin wax. Fig. 6 discloses a three-log assembly in the form of a pyramid and includes the wood spacers, ignitable lighter, binder wires, and ignitable coating covering the assembly. The assemblies may be ignited by applying a flame to the ignitable lighter.

Inasmuch as claims 18 and 20, the only claims before us, are dependent claims, we deem it helpful to reproduce these claims as well as the independent claims on which they depend. The pertinent claims are:

16. An artificial log assembly comprising:

(a) not less than two nor more than four logs of uniform, cylindrical shape, said logs being formed by compression of woodwaste and having a density much greater than that of the wood from which the woodwaste is derived, said logs also having a fuel value and a burning period much greater than an equal volume of the wood from which the woodwaste is derived, said logs also being substantially more difficult to ignite than the wood from which the woodwaste is derived,

(b) said logs being arranged horizontally, in parallelism and in a symmetrical assembly with each end of the assembly substantially in a vertical plane,

(c) said logs being spaced apart horizontally and, where more than two logs are employed, also vertically, the spacing of the logs being small compared to the log diameter but sufficient to form an air circulating space between each adjacent pair of logs and to form a longitudinal central heat cavity in assemblies of three and four logs,

(d) said logs being bound together by noncombustible strap means whereby the shape of the assembly is preserved during a major part of the burning of the logs.

17. The log assembly of Claim 16 wherein the number of logs is four and the four logs are arranged in a lower tier of two logs and an upper tier of two logs directly overlying the lower logs and forming, with the aid of vertical and horizontal spacer means, a longitudinal central heat cavity vertical and horizontal air circulating spaces radiating outwardly from such cavity, said air circulating spaces being about 90° apart, said log assembly also including an easily ignitable lighter located in said heat cavity and accessible to a flame applied by hand, providing only an insignificant proportion of the total fuel value of the assembly but serving, when ignited, to heat the heat cavity to initiate ignition and active, self-sustaining burning of the logs.

18. The log assembly of Claim 17 wherein the logs are coated with an easily ignitable, meltable, normally solid, essentially hydrocarbon material, such coating surrounding said heat cavity and being ignited by the flame and heat of said igniter.

19. The log assembly of Claim 16 wherein the number of logs is three and the three logs are arranged in the shape of an equi-angular prism with two logs forming the base and one log forming the top of the assembly, together with spacer means spacing each log from the others and forming a longitudinal central heat cavity and three air circulating spaces radiating about 120° apart out from such cavity, said log assembly also including an easily ignitable lighter located in said heat cavity and accessible to a flame held by hand, said lighter providing an insignificant proportion of the total fuel value of the assembly but serving, when ignited to heat said heat cavity to initiate ignition and active, self-sustaining burning of the logs.

20. The log assembly of Claim 19 wherein the logs are coated with an easily ignitable, meltable, normally solid, essentially hydrocarbon material, such coating surrounding said heat cavity and being ignited by the flame and heat of said igniter.

Appellants in their brief have rewritten claims 18 and 20 in independent form. As pointed out by the solicitor, the rewritten versions do not include all of the limitations embraced by the appealed claims. For example, appellants' version of claim 18 does not include "in a symmetrical assembly" which is present in claim 16, and "vertical and horizontal spacer means" present in claim 17. With respect to the rewritten version of claim 20, the language "in a symmetrical assembly" present in claim 16 does not appear nor does "spacer means * * * forming * * *" which is present in claim 19. Inasmuch as these rewritten versions were not before the Patent Office and therefore not considered by the examiner and the board, and since the above-mentioned differences exist, we will consider only the claims as originally written and not as rewritten.

The references relied on below are:

Seanor (Great Britain)  4536  May 4, 1888
Eccles (Great Britain)  363,729  December 31, 1931
Alexander (Canada)  556,791  May 6, 1958

Seanor relates to the formation and construction of fire lighters disclosed as follows:

Three or more pieces or bars of wood are placed parallel to each other and kept at a short distance apart by means of pieces or spaces [spacers?] of wood placed between the ends, the fire-lighter being thus in the form of a Grate or Grid. It is then compressed and held together and securely bound across with wire, and then dipped into a mixture of resinous material and mineral oils, and afterwards into sawdust.

Eccles shows a fire lighter in cylindrical form comprising a bundle of wood shavings surrounded by a paper covering. A number of fire lighters are tied together in a bundle and dipped in molten paraffin wax "or like inflammable material. * * * [T]he complete bundle * * * is wrapped in grease proof paper ready for sale as a unit."

Alexander discloses a complete, self-contained fuel package for use in fireplaces or the like. The package comprises an assembly of compressed sawdust logs surrounded by kindling material and enclosed in a carton. Four logs are shown arranged in two layers at right angles to each other in the carton. The package may be ignited by applying a lighted match to the kindling material through an opening in the carton.

The claims which we are called upon to consider (18 and 20) were rejected by the examiner under 35 U.S.C. § 103 as unpatentable over Seanor in view of Alexander and Eccles.

The board, in a well-reasoned opinion, stated that it was in accord with the examiner's holding that the subject matter claimed would have been obvious under 35 U.S.C. § 103. So are we, and we therefore affirm.

The basic element, as we see it, of appellants' log assembly is an old and well-known product marketed under the name "Pres-to-logs." Appellants state that these well-known logs have a greater density and a higher fuel value than a like volume of natural wood, and that they are more difficult to ignite.

The claims on appeal call for assemblies consisting of three (claim 20) and four (claim 18) compressed wood waste logs, arranged parallel to each other in a triangular or rectangular configuration with spacers between the logs, bound together by noncombustible means, with an ignitable lighter in a central cavity between the logs, and coated with an easily ignitable substance.

Aside from being a matter of common knowledge, Alexander teaches that kindling material is used to ignite compressed wood waste logs. It seems, therefore, that the most appellants can claim for their log assembly is that it provides a self-contained fuel package which eliminates the requirement for separate kindling material where three or four logs at a time are desired.

Alexander discloses the concept of a self-contained fuel package in which com-pressed wood waste logs are used. The question for resolution is simply whether a self-contained fuel package constructed as specified in the claims would have been obvious to one of ordinary skill in the art.

Seanor shows the construction of a fire lighter from bars of wood by placing three or more of the bars parallel to each other with spacers between the bars, binding the bars together with wire and coating the assembly with a mixture which is easily ignitable. We, therefore, agree with the board that:

> The significant features employed by appellants are considered to be disclosed by Seanor since this reference assembles three or more bars of wood parallel to each other and spaced apart a short distance by pieces of wood with the whole assembly being bonded together with wire and impregnated with readily ignitable material. Basically this is appellants' construction. To use artificial logs, which are old, as acknowledged by appellants, in place of the bars of wood by Seanor to prepare an artificial log assembly would be obvious to those skilled in the art.

The board further noted the desired improvement disclosed by Seanor in the burning of wood by reason of the spacers between the bars of wood which accelerate the circulation of air substantially in the same manner as in appellants' construction.

It is a well-known practice to stack three logs in triangular arrangement in a fireplace and to stack four logs in a rectangular arrangement. These arrangements, however, are clearly suggested by Eccles.

The claims call for an "easily ignitable lighter located in the * * * heat cavity and accessible to a flame applied by hand." We can attribute nothing unobvious to this feature. Judicial notice may well be taken of the long standing and familiar practice to stuff paper or other easily ignitable material between pieces of fire wood, whenever needed, to start a fire. This common practice is

recognized in Alexander by providing "light kindling material" of wood excelsior or strips of kindling wood.

Appellants, in an effort to distinguish the claimed invention over Seanor and Eccles, point out that these structures are fire lighters. It is noted, however, that appellants in their specification assert that "single logs may be used, either alone, or in combination with uncoated or natural logs." Furthermore, it is noted under "Remarks" in appellants' amendment of August 22, 1967, that it is stated that their "Fireplace Pak" may be used as "fire starters for other wood."

In light of the instant record, we do not find merit in appellants' contention that substitution of Alexander's compressed wood waste logs for the bars of wood in Seanor would completely destroy Seanor's structure. It is well settled that the test of obviousness is not whether the features of one reference can be bodily incorporated into the structure of the other. As stated in In re Bascom, 230 F.2d 612, 43 CCPA 837 (1956):

> * * * [T]he proper inquiry should not be limited to the specific structure shown by the references, but should be into the concepts fairly contained therein, and the overriding question to be determined is whether those concepts would suggest to one skilled in the art the modification called for by the claims.

To the same effect see: In re Cochran, 374 F.2d 1017, 54 CCPA 1248 (1967).

We think it apparent from the Seanor disclosure that the concept of ready ignitability is embodied therein. This concept, in our judgment, would have made it obvious to one skilled in the art to substitute compressed wood waste logs for Seanor's bars of wood. We, therefore, cannot agree with appellants that the tribunals below predicated their findings of obviousness on a hindsight reconstruction in the light of appellants' specification.

Appellants also allege that their invention solved a long felt need in the art, and that the commercial success of appellants' invention led others to either copy it or take a license from appellants' assignee. Affidavits were submitted purporting to show that the invention of Alexander enjoyed no commercial success and to show that appellants' invention was being copied by another. The arguments with regard to these secondary considerations do not convince us that the claimed invention would have been unobvious over the art of record. For one thing, we do not think that the arguments presented are supported by sufficient evidence. The mere fact that a single supplier was not interested in Alexander's invention and that another supplier is selling an article similar to appellants' invention is not convincing proof of the secondary considerations which appellants ask us to find persuasive.

We have considered the contentions advanced by appellants in their brief and argument. We are not persuaded of reversible error in the decision of the board holding appellants' claimed invention obvious in light of the cited art. We, therefore, affirm that decision.

Affirmed.